JAMES H. McGEAN, as Executor, Respondent, v. THE METRO-
POLITAN ELEVATED RAILWAY COMPANY et al., Appellants.

In an action to restrain the operation and maintenance of defendants' ele-
vated railroad on a street in front of plaintiff's premises and to recover
damages, it appeared that plaintiff owned the fee of half the street; that
after issue was joined he conveyed the premises, reserving, however, all
damages to said property "caused or to be caused by the present, past
or future maintenance and operation" of the railway on said street; also
"all the fee and easement" in said street "heretofore or hereafter occu-
pied and invaded" by said road. The judgment awarded damages for
past injuries and also restrained the operation of the railroad until
defendant paid the fee damages as fixed. *Held*, no error; that as plain-
tiff had retained the title to the rights and easements appropriated and
also to the fee of the street, he was entitled to preventive relief, and the
court as a court of equity thus having jurisdiction for this purpose, had
power to award the past damages.

There were no separate findings as to the permanent damages to the fee
of the street and to the property conveyed by plaintiff. *Held*, as the
right to damages to both remained in the same person, separate findings
were unnecessary; that as equity would not permit defendant to main-
tain its structure without paying the damages to the adjacent property,
and as plaintiff's grantee was estopped by the reservations in his deed
from claiming any part thereof, its recovery here was proper.

*It seems* that had plaintiff's right to enjoin the operation of the road and
recover the permanent damages passed with the transfer of the premises,
the provision of the Code of Civil Procedure relating to a transfer of
interest after suit brought (§ 756) would apply, and the action would pro-
ceed as if the conveyance had not been made, unless the court directed
the grantee to be made a party.

*It seems*, also, this question may not be presented for the first time on the
trial, but should be presented by motion or supplemental pleading.

In case defendant had no means of knowing of the transfer until disclosed
on the trial, if he desired to have the successor in interest brought in,
he might and should have moved that the trial be arrested until the
necessary steps for that purpose could be taken.

*It seems*, also, that in case of such a transfer, a judgment would effectually
conclude plaintiff's assignee upon all the issues litigated.

In this respect there is no distinction between actions at law and in equity,
provided the cause of action be assignable.

As to whether the owner of real property abutting on a street which is
injuriously affected by an unlawful structure on the street can convey
the entire premises and reserve to himself the right to maintain an

action in equity to restrain the continuance of the structure or for the recovery of permanent damages to the property by reason of its maintenance, *quære.*

(Argued March 7, 1892; decided April 12, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 1, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to restrain the maintenance and operation of defendants' elevated railroad in front of plaintiff's premises in Division street in the city of New York, and to recover damages for injuries sustained. The facts, so far as material, are stated in the opinion.

*Brainard Tolles* for appellants. The plaintiff did not have at the time of trial such an interest in lands as to justify the intervention of a court of equity for his protection. (*Galway* v. *M. E. R. Co.,* 128 N. Y. 132; *Peck* v. *Goodberlett,* 109 id. 189; *Wisner* v. *Ocumpaugh,* 71 id. 113; *M. A. Church* v. *O. S. Church,* 73 id. 95; Code Civ. Pro. § 3230; *Arnold* v. *Angell,* 62 N. Y. 508; *Gray* v. *Barton,* 55 id. 68; *Mandeville* v. *Newton,* 119 id. 10; *Kane* v. *M. E. R. Co.,* 125 id. 104; 4 Kent's Comm. 468.) The judgment cannot be sustained on the ground that the fee of the street was excepted from the conveyance. (*Pappenheim* v. *M. E. R. Co.,* 128 N. Y. 436; *Uline* v. *N. Y. C. R. R. Co.,* 101 id. 98; *Pond* v. *M. E. R. Co.,* 112 id. 186; *Bohm* v. *M. E. R. Co.,* 42 N. Y. S. R. 247; *Kenkele* v. *M. R. Co.,* 29 id. 95.) The judgment cannot be sustained on the ground that there was a reservation of future damages. (*Andrew* v. *Newcomb,* 32 N. Y. 417; *Hart* v. *Taylor,* 82 id. 373; *Foote* v. *M. R. Co.,* 58 Hun, 478; *Ruse* v. *M. B. L. Ins. Co.,* 23 N. Y. 516; *Fowler* v. *N. Y. I. Ins. Co.,* 26 id. 422; *Freeman* v. *F. F. Ins. Co.,* 38 Barb. 247; *Routh* v. *Thompson,* 11 East, 426; *Pappenheim* v. *M. E. R Co.,* 128 N. Y. 436; *Kernochan* v. *N. Y. E. R. R. Co.,* Id. 559; *Warne* v. *M. C. & B. Co.,* 5 N. J. Eq. 410; *Abendroth*

v. *N. Y. E. R. R. Co.*, 122 N. Y. 1 ; 125 id. 164 ; Goddard
on Eas. [Am. ed. 1880] 7, 8 ; Washb. on Eas. [2d ed.] 9 ;
*Wolfe* v. *Frost*, 4 Sandf. Ch. 72 ; *Parsons* v. *Johnson*, 68
N. Y. 62 ; *Hoch* v. *M. E. R. Co.*, 59 Hun, 541 ; *Snell* v.
*Leavitt*, 110 N. Y. 595.)

*Roger Foster* and *E. J. McGean* for respondent.  The sale of
the property pending the action did not deprive plaintiff of the
right to an injunction as an alternative to the payment of the
damages to the fee value by the maintenance of the elevated
railway.  (*Leslie* v. *Lorillard*, 110 N. Y. 519 ; *D. M. Co.* v.
*Roeber*, 106 id. 473 ; *P. & N. Co.* v. *Sampson*, L. R. [19 Eq.]
462 ; *Henderson* v. *N. Y. C. R. R. Co.*, 76 N. Y. 423 ; *McRea*
v. *L. B. & S. R. Co.*, 37 L. J. Eq. 267 ; *G. & S. W. R. R.
Co.* v. *Haslam*, 73 Ill. 494 ; *J. R. R. Co.* v. *Ruggles*, 7 Ohio St.
1 ; *T. F. Co.* v. *Carter*, 61 Penn. St. 21 ; *Goodrich* v. *Bur-
bank*, 12 Allen, 459 ; *Powell* v. *Markley*, 33 Wis. 482 ; *De Witt*
v. *Harvey*, 3 Gray, 486, 487 ; *Amidon* v. *Harris*, 113 Mass.
59 ; *Buffum* v. *Harris*, 5 R. I. 243 ; *Mayor, etc.*, v. *Law*, 125
N. Y. 380, 392 ; Washb. on Eas. 10, 11, 36, 47 ; Lewis on
Em. Domain, 763, § 594 ; *People* v. *M. S. R. R. Co.*, 3 Mich.
496 ; *Smith* v. *McAdams*, Id. 506 ; *Noll* v. *D. R. R. Co.*, 32
Ia. 66 ; *Harris* v. *L., etc., Co.*, 9 B. Mon. 470, 472 ; *Crolley*
v. *M. & S. L. R. Co.*, 30 Minn. 541 ; *Barlow* v. *C., R. I. &
P. R. R. Co.*, 29 Ia. 276 ; *Henry* v. *D., etc., R. R. Co.*, 2 id.
288 ; *State* v. *Rives*, 5 Ired. 297 ; *Hatch* v. *C., etc., R. R. Co.*,
18 Ohio St. 92 ; *Nicoll* v. *N. Y., etc., R. R. Co.*, 12 N. Y.
121 ; *Paul* v. *C., etc., R. R. Co.*, 51 Ind. 527 ; *French* v.
*Carhart*, 1 N. Y. 96.)  Even if, technecially, such an interest
as the plaintiff reserved is not assignable or capable of reser-
vation at common law, this court sitting in equity will construe
the contract in accordance with the plain intention of the
parties, *ut res magis valeat quam pereat*, and will hold it
equivalent to an agreement that the grantor shall have the
right to use the grantee's name and rights in a suit for an
injunction and damages, and to appropriate the proceeds of
such suit for his own benefit.  (*Holroyd* v. *Marshall*, 10 H.

L. Cas. 191; *Dillenbeck* v. *Dygert*, 97 N. Y. 303; *Bolen* v. *Crosby*, 49 id. 183.) The defendants could not avail themselves of the objection founded on the conveyance by the plaintiff without pleading the same by a supplemental answer, which they failed to do. (*Harrington* v. *S. P. & S. C. R. R. Co.*, 17 Minn. 215, 219; *Jackson* v. *Holden*, 7 Johns. 194; *Covell* v. *Weston*, 20 id. 414; *Hasting* v. *McKinley*, 1 E. D. Smith, 273; *Ruddle* v. *Little*, L. R. [6 Q. B.] 174; *Medbury* v. *Swan*, 46 N. Y. 200; *Holyoke* v. *Adams*, 59 id. 233.) The defendants waived their right to this objection by entering upon the trial without raising it. (Code Civ. Pro. § 1009.) Whatever might be the rule were this a new suit begun subsequent to the grant, in which case it might be proper to have the grantee also made a party plaintiff or defendant, there is no need of this when the sale was made pending the suit, even if by such sale the grantor lost all right to more than the damages for the rental value up to the time of the sale. (Code Civ. Pro. § 756; *Senft* v. *M. R. Co.*, 24 Abb. [N. C.] 64; *Bryce* v. *Brockaway*, 31 N. Y. 490; Story's Eq. Pl. § 156; Pom. Eq. Juris. 231, 242; *Root* v. *R. Co.*, 105 U. S. 189; Fry on Spec. Perf. §§ 766, 966, 1266, 1271, 1274; *Cory* v. *T. 1. W. & S. Co.*, 11 W. R. 589; *Meredith* v. *Wynne*, 2 Ver. 448; *Beedle* v. *Bennett*, 122 U. S. 71; *Clark* v. *Wooster*, 119 id. 322, 324; *W. A. B. Co.* v. *Carpenter*, 32 Fed. Rep. 484; *Kittle* v. *De Graaf*, 30 id. 689; *Adams* v. *B. I. Co.*, 26 id. 324; *Brooks* v. *Miller*, 28 id. 615, 617.)

Maynard, J. This action was brought June 19, 1889. The judgment appealed from restrains the defendants from maintaining an elevated railway structure on, or in front of plaintiff's premises, known as No. 15½ Division street in the city of New York. The injunction is not to be operative if the defendants shall, within one month, elect to pay plaintiff the sum of $1,500 as and for the permanent damages to the fee of the premises sustained by him in consequence of the appropriation by the defendants of the use of the street for such a purpose. Upon payment or tender of such sum the plaintiff

is required to execute a conveyance of the property found by
the decision to have been taken by the defendants, and in case
of failure to execute such conveyance it is, in substance, pro-
vided that the judgment of injunction shall have no force or
effect.    Damages to the amount of $500 are also awarded for
the injury to the property during the time intervening between
June 10, 1887, and March 20, 1890.

The rightfulness of this judgment is not questioned, except
upon a single ground.    It was proven by the plaintiff upon
the trial, and it has been found by the trial court, that after
issue was joined and on March 20, 1890, the plaintiff conveyed
the · premises to one Rosenbaum, for the consideration of
$8,800.    It is, for this reason, contended that plaintiff was not,
at the time of the trial, entitled to any preventive relief with
respect to these premises, and in the absence of the right to
such relief, that the court could not retain jurisdiction of the
action for the purpose of awarding damages for past injuries.
It is undoubtedly true that the substantive cause of action in
all such cases is the right to a prevention of the continuance
of the trespass upon plaintiff's property by the defendants, but
when this right is established the equitable jurisdiction of the
court is complete, and it can award the injured party full com-
pensation for all the damages sustained by the wrongful act
sought to be enjoined, subject to the statutory limitations of
time.    It is equally true that if there is no such right to a pre-
ventive remedy the matter of damages for past trespasses can-
not be the subject of inquiry in a court of equity.    Relief
must be sought in another forum.

In this connection it is to be observed that the defendants
do not claim that the right to this kind of a remedy is extin-
guished by a transfer during the pendency of the action.    Its
existence is admitted, but it is asserted that it has been trans-
ferred by the plaintiff's own act to his grantee, and that the
latter alone can prosecute the action.    It would seem that in
such a case section 756 of the Code of Civil Procedure would
be a sufficient answer to such an objection.    That section pro-
vides that in case of a transfer of interest the action may be

continued by the original party, unless the court directs the
person to whom the interest is transferred, to be substituted in
the action or joined with the original party, as the case
requires. The action proceeds in the same manner as if the
conveyance of the property, which is the subject of the contro-
versy, had not been made unless the court directs the grantee
to be made a party. The question cannot properly be presented
for the first time upon the trial of the action, but must be
brought to the attention of the court, either by motion or by
a supplemental pleading. If the defendant has not had the
means of knowing that the plaintiff has parted with his title
to the subject-matter of the action until the fact is disclosed
upon the trial, and he desires to have the new party in interest
substituted for or joined with the original plaintiff, he can
move to have the trial arrested until the necessary steps can be
taken for that purpose, and the trial court can suspend the
proceedings if, in the exercise of a sound discretion, it is satis-
fied that the adoption of such a course is required for the
protection of the defendant. It is not seen how, ordinarily,
the defendant is prejudiced by a transfer of the plaintiff's
interest *pendente lite*, unless there is some question of the
solvency of the parties involved. A judgment recovered
against the original party would as effectually conclude his
assignee after suit brought upon all the issues litigated, as if
the latter had been substituted in place of his assignor. The
statute makes no distinction in this respect between actions at
law and in equity, provided the cause of action is assignable.
(Story's Equity Pleadings, § 156.)

This view does not militate against the rule which authorizes
courts of equity, where they have once obtained jurisdiction
of a cause, to administer all the relief which the nature of the
case and the facts require, and to bring such relief down to
the close of the litigation between the parties. The subject
of the controversy remains unchanged, which is the unlawful
appropriation of certain rights or easements which are appur-
tenant or incident to the premises designated in the complaint,
and if the decree rendered concludes the owner of the property,

whoever he may be, it matters not that the title has shifted during the progress of the action.

But in the present case the plaintiff has not parted with his title to the cause of action, or to the entire property to which it relates. His deed to Rosenbaum contains the following important reservations: "Reserving to the vendor all damages to said property caused or to be caused by the present, past or future maintenance and operation of the elevated railway on Division street, as now constructed, and all the fee and easement in Division street now or heretofore or hereafter occupied and invaded by the said elevated railway structure, when maintained and operated as aforesaid, and the conveyance is made subject to the said reservation to the said party of the first part, his heirs, executors and administrators."

He thus has retained all the title which he ever had to the rights and easements appropriated by the defendants and to the fee of one-half of the street in width in front of No. 15½ Division street. This street was laid out in 1765, under articles of agreement between Henry Rutgers and James DeLancey, who owned the land which it traverses, by the terms of which it was mutually covenanted that it should be laid out on the division line between their respective farms, and each granted to the other a fee interest in that half of the street immediately abutting upon the grantee's property, subject to the right of the public to use the same as a highway; and each conveyed to the other an easement of light, air and access in the remainder of the street. The decision of this court in *Henderson* v. *N. Y. Central R. R. Co.* (78 N. Y. 423), thus becomes directly applicable. In that case the plaintiff, when he brought the action, was the owner of some of the abutting lots and also of the fee of the street, subject to the public easement therein for the purposes of a highway. Before the action was brought the plaintiff had sold some of the lots, and before the last trial of the action had sold and conveyed the remaining lots, reserving, however, the fee of the street and the damages to the adjacent property, both past and prospective; and it was held that his right to the equitable interference

of the court for his protection against the encroachments of the defendants, was not thereby affected, and the court decreed a perpetual injunction, unless the defendants paid the amount found by the referee to be a fair compensation for the additional burden imposed upon his property.

It is true there is not a separate finding in this case, as there was there, as to the value of the fee of the street or its depreciation in consequence of its occupation by the defendants. But it is not seen how the application of the principle is in any wise affected by this omission. It has been found that the existence and use of the defendants' structure and its threatened continued use has permanently damaged the fee value of the entire premises to the amount of at least fifteen hundred dollars. There was no request to find separately the amount of permanent damage to the fee of the street and to the property conveyed by the plaintiff. They are so connected that a separate finding as to each might be difficult, if not impracticable.

As the right to the damages to both pieces of property was still in the plaintiff, such a finding was unnecessary. So long as the ownership of the fee of the street and of the damages to the adjacent property remained in the same person, equity would not permit the defendants to acquire a right to maintain its structure in the street without paying the damages to the adjacent property, which the erection and maintenance of such structure have inflicted upon it.

This view is in harmony with the well settled rules of equitable jurisprudence. No principle has been more frequently asserted, or is so well established, as that when a court of equity has jurisdiction over a cause for any purpose, it may retain the cause for all purposes and proceed to a final determination of all the matters at issue. To such an extent has the doctrine been carried that it has been declared that if the controversy contains any equitable feature, or requires any purely equitable relief belonging to the exclusive jurisdiction of equity, or pertaining to the concurrent jurisdiction of equity and law, and a court of equity thus acquires a partial cognizance of the action, it may go on to a complete adjudication

and establish purely legal rights and grant legal remedies, which would, otherwise, be beyond the scope of its authority. (Pomeroy's Eq. Jurisprudence, §§ 181, 231, 242.) So long as one of the grounds of equitable interference in this class of cases is the avoidance of a multiplicity of suits, this rule must prevail.

The plaintiff being entitled to a decree restraining the defendants from the unlawful use of the street in which he still has an interest, it was the duty of the court to award him all the damages sustained in consequence of such unlawful use. As to the permanent damages for the injury to the fee, the defendants are not compelled by this judgment to pay them. They have been ascertained and payment of them provided for as a favor to the defendants, and as a condition upon which they may be relieved, from the disastrous consequences to their business, which must result from the maintenance of the perpetual injunction, to which in strict equity the plaintiff is entitled. The defendants are not harmed, but favored by such a disposition of the cause. Further litigation is avoided and a perfect right acquired to maintain in the street in front of these premises what has hitherto been an illegal and unauthorized structure. The grantee of the plaintiff has no interest in the subject of this controversy. He has taken his conveyance with a reservation to the plaintiff of the fee of the street and the permanent damages to the adjoining property. Presumably, to the extent of the value of the rights thus reserved, the cost of the property to him has been proportionately diminished. He is estopped by the reservation in his deed, which is to be given the same effect as a direct grant, from asserting any title to any part of this cause of action, or to the rights which the defendants will acquire under the judgment, which puts them in privity of title with the plaintiff.

We have not considered, and, in view of the peculiar features of this case, we deem it unnecessary to consider or determine the abstract question, whether the owner of real property injuriously affected by the maintenance of an unlawful structure in the street, upon which his property abuts, can either,

before or after suit brought, convey the entire premises and reserve to himself the right to maintain an action in equity to restrain the continuance of such structure, or for the recovery of the permanent damages to the property by reason of its maintenance. Such question must be reserved until it arises in concrete form. In the present case the grantor has retained title to a part of the fee of the premises, and unquestionably sufficient to preserve intact the jurisdiction of a court of equity.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.