Freedman, J.
The judgment appealed from awards to the plaintiffs damages to the rental value of their premises, caused by the maintenance and operation of defendants’ elevated railroad in ■and through Pearl street for the period of six years prior to the commencement of the action, and until the 11th day of July, 1889, but disallows plaintiffs’ claim for damages from July 11, 1889, to the filing of the decision, and plaintiffs’ claim to injunctive relief, or to the recovery of fee damage in place thereof. The plaintiffs appeal from so much óf the judgment as denies their prayer for injunctive relief or the recovery of fee damage *577 in place thereof, and for damages subsequent to July 11, 1889, and the defendants appeal from so much of the judgment as grants any relief to the plaintiffs.
The action was commenced about December 18, 1888, and thereafter, viz., July 11, 1889, the plaintiffs conveyed the premises in suit to Louis Shortemeir for the consideration of $38,000, reserving to themselves, however, in the deed executed by them and the said Louis Shortemeier, “ all damages and claims for damages now or hereafter caused said property, or the present or future owners thereof, * * * on account of the construction, .and the present, past and future maintenance and operation, of the elevated railroad in Pearl street,” etc. The court having obtained full jurisdiction over the cause of action as originally instituted, and at a time when the plaintiffs were clearly entitled to. equitable relief, it had the right to retain jurisdiction for the purpose of awarding to the plaintiffs any relief which at the trial they showed themselves entitled to, notwithstanding the conveyance executed by them during the pendency of the suit. Moreover, the defendants having failed to plead, by supplemental answer, the fact of such conveyance, and having further waived any right they might have had to object to the exercise of the equitable jurisdiction of the court by reason ■of the fact that in the court of appeals they consented to a reversal of the order of Judge Truax striking the case from the equity calendar, they are not in a position to question plaintiffs’ right to have the action determined on the equity side of the court. For the reasons stated, there was sufficient jurisdiction to award the damages which have been! awarded. On a review of the whole case, no error appears to have been committed, to the prejudice of the defendants, in the course of the ascertainment of such damages. The appeal taken by the defendants is therefore without merit.
The appeal of the plaintiffs presents a serious and difficult ■question. The plaintiffs did not own the fee of the street, and, on conveying the premises, they reserved no land to which the easements sought to be reserved could attach. In this respect their case differs materially from the case of McGean v. Met. El. Railway Co., 133 N. Y. 11; 44 St. Rep. 75, in which the judgment in favor of the plaintiff was sustained on the theory that the fee of one-half of the street had been reserved, together with the easements. It may seem unjust that the plaintiffs, after having sold their property for a less price, on account of the maintenance and operation of the elevated railroad, than they would have otherwise obtained, and having, upon such sale, expressly reserved the right to recover their, damages in this respect, should not be allowed to recover such damages in some way. They could have recovered such fee damage in this action if they had not conveyed the land, and the language of the reservation is so comprehensive that under it the defendants can be fully protected against any further claim on the part of the vendee or his grantees. But ■plaintiffs’ right to recover this fee damage under the reservation *578 in question is quite doubtful, in view of the decisions of the court of appeals to the -effect that the easements of light, air, and access, when considered as detached from the land to which they are appurtenant, are of but' nominal value; that nominal damage is not sufficient to justify the court to grant injunctive relief; that fee damage cannot be awarded in a case in which no right to injunctive relief exists, and that injunctive relief can only be granted to prevent multiplicity of suits which might arise out of-continuing trespasses; that the fee damage cannot be recovered, once for all, in a common-law action, because the wrongful acts of the defendants constitute continuing trespasses, and it cannot be presumed that as such they will be continued for any definite length of time; and that the easements of the abutting owner invaded by an elevated railroad are appurtenant to his premises, and in the nature of things indissolubly annexed thereto. In Kernochan v. N. Y. El. R. R. Co., 128 N. Y. 559; 41 St. Rep. 110, it was expressly said that such easements are incapable of a distinct and separate ownership, that the owner of a lot cannot reserve them upon a sale, and that they must, of necessity, pass as appurtenant to the premises. Under these circumstances, the learned trial judge thought best to make special findings as to the fee damage and the rental damage from ,the time" of the conveyance to the filing of his decision, and then to decline to give to the plaintiffs any relief on account thereof, and he disposed of the case accordingly. We deem it expedient and wise to concur in this disposition of the case. The question involved is a new and far-reaching one, and cannot be determined in favor of the plaintiffs without-a departure from some of the principles laid down by the court of appeals as above stated. The departure can be made only by the court of appeals, and it is of the highest importance that a final determination of this new point should be had as speedily as possible.
The judgment should be affirmed on both appeals, but without costs.
All concur.