### KOHN v. MANHATTAN RY. CO.

(Superior Court of New York City, General Term. January 7, 1895.)

APPEAL—HARMLESS ERROR.

> Where the record of appeal, in an action against an elevated railroad company for injuries to abutting property, shows that the premises were conveyed to a third person, and were afterwards reconveyed to plaintiff, refusal to allow the defendant to ask plaintiff whether he conveyed the property after the suit was brought did not prejudice defendant.

Appeal from equity term.

Action by Sandor Kohn against the Manhattan Railway Company for an injunction and damages. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

For former reports, see 28 N. Y. Supp. 663, 665.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Davis, Short & Townsend (Howard McWilliams, of counsel), for appellant.

William W. Badger, for respondent.

GILDERSLEEVE, J. The only question raised on this appeal which demands discussion is the defendant's contention that the court erred in refusing to allow the following question,—i. e.: "Now, after you brought this suit, you conveyed this property to Mr. Hogan?" The court sustained the objection to this question on the ground that the transfer was made after the suit was brought, and is not pleaded. All the deeds, however, were ordered to be printed as part of the case on appeal, and therefore appear in the evidence presented to the general term. It seems that the case was begun on February 17, 1891, and that on March 14, 1893, plaintiff conveyed the property, through one D. J. Hogan, to himself and wife jointly. Subsequently, on October 4, 1893, a month or so before the trial of the action, there was a reconveyance to the plaintiff of the property, including all rights of the wife against the defendant; so that the title was restored to its exact status before the commencement of the action. At the time of the trial, plaintiff's title was complete. As the plaintiff and his wife each took title to the entirety by the deed from plaintiff, through Hogan, to himself and wife, there was never any interruption of plaintiff's previous and entire ownership by title in fee from his original grantor, Katie Kohn, except, indeed,

for the few moments, when the title stood in the name of Hogan. Any interest that the plaintiff's wife acquired after issue in this action, she released to the plaintiff before trial.' It would therefore seem that defendant's rights can hardly be said to have been prejudiced by the refusal of the court to allow the question. See McGean v. Railway Co., 133 N. Y. 9, 30 N. E. 647. We do not think the amount awarded is excessive, and are of the opinion that the conclusions of the learned court below are warranted by a fair preponderance of evidence. The judgment appealed from must be affirmed, with costs.