SANDOR KOHN, Respondent, *v.* THE MANHATTAN RAILWAY
Co., Appellant.

(New York Superior Court — General Term, January, 1895.)

A refusal to allow the defendant, in an action against an elevated railroad,
to show that plaintiff conveyed his premises pending the action is
harmless error, where the record shows the facts and it appears there-
from that plaintiff had conveyed the property through a third person to
himself and wife, but that the complete title was revested in him at the
time of the trial.

APPEAL from a judgment of the Equity Term.

*William W. Badger*, for plaintiff.

*Davies, Short & Townsend* (*Howard Mc Williams*, of coun-
sel), for defendant.

GILDERSLEEVE, J    The only question raised on this appeal
which demands discussion is the defendant's contention that
the court erred in refusing to allow the following question, *i.
e.*: "Now, after you brought this suit, you conveyed this
property to Mr. Hogan?" The court sustained the objection
to this question on the ground that the transfer was made after
the suit was brought, and is not pleaded.

All the deeds, however, were ordered to be printed as part
of the case on appeal, and, therefore, appear in the evidence
presented to the General Term. It seems that the case was
begun on February 17, 1891, and that on March 14, 1893,
plaintiff conveyed the property, through one D. J. Hogan, to
himself and wife jointly. Subsequently, on October 4, 1893,
a month or so before the trial of the action, there was a recon-
veyance to the plaintiff of the property, including all rights
of the wife against the defendant; so that the title was
restored to its exact status before the commencement of the
action. At the time of the trial plaintiff's title was complete.
As the plaintiff and his wife each took title to the entirety by
the deed from plaintiff, through Hogan, to himself and wife,
there was never any interruption of plaintiff's previous and

entire ownership by title in fee from his original grantor, Katie Kohn, except, indeed, for the few moments when the title stood in the name of Hogan. Any interest that the plaintiff's wife acquired after issue in this action she released to the plaintiff before trial. It would, therefore, seem that defendant's rights can hardly be said to have been prejudiced by the refusal of the court to allow the question. See *McGean* v. *El. Ry. Co.*, 133 N. Y. 9.

We do not think the amount awarded is excessive, and are of the opinion that the conclusions of the learned court below are warranted by a fair preponderance of evidence.

The judgment appealed from must be affirmed, with costs.

FREEDMAN, J., concurs.

Judgment affirmed, with costs.