(18 App. Div. 200.)

DEMPSEY et al. v. McKENNA et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1897.)

1. MORTGAGES—AGREEMENT TO EXECUTE—PRESENT VALUABLE CONSIDERATION.
    A contract for the construction of houses provided that the last payment should be by note, with security. When the payment was due, the owner delivered to the builders an agreement to give them a mortgage, the first after a permanent loan. *Held*, that the agreement was a fulfillment of the promise to give security, and so related back to it as to make the performance of the work a continuing consideration, operative up to the time of the mortgage agreement, and hence a present valuable consideration for it.
2. SAME—EXTENSION OF TIME BY CREDITOR.
    An extension of time is a present valuable consideration for the debtor's agreement to execute a mortgage to secure an overdue debt.

Appeal from special term, New York county.
Transferred from the First department.

Action by William Dempsey and John Smith against Cecilia McKenna and others on an agreement for the execution of a mortgage. From a judgment dismissing the action on the merits with costs in favor of certain defendants, plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Andrew J. Shipman, for appellants.

James Kearney, for respondents Riley and Gilbert.

WILLARD BARTLETT, J. Cecilia McKenna was the owner of four lots on 102d street in the city of New York. In July, 1894, she made a contract in writing with the plaintiffs, under which they agreed to do the brownstone work for four houses to be erected on these lots, and she agreed to pay $7,500 therefor. The contract provided for the payment of $3,800 of this amount in four installments, and the balance of $3,700 "in note to run for 3 months, when buildings is [are] inclosed, with security." The plaintiffs furnished the material and labor as thus agreed, and at the beginning of 1895 the balance of $3,700 was due. They received $100 on account, and on January 9, 1895, Cecilia McKenna executed and delivered to them this paper:

"New York, January 9th, 1895.

"I hereby agree to give Dempsey and Smith a mortgage, the first after the permanent loan, on four (4) houses situated on North side of West 102d street, 100 feet east of Columbus avenue, N. Y. City, the said mortgage to be given immediately after the receipt by me of the permanent loan; said mortgage being for $3,600, for stonework on said houses, the receipt of which I hereby acknowledge.      Cecilia McKenna, by James McKenna, Atty."

This agreement was not kept. Shortly after the permanent loan was effected, Cecilia McKenna gave mortgages to Charles Riley, and others to George W. Lumb and Charles L. Lumb, and then conveyed the fee to Charles W. Gilbert. The plaintiffs thereupon brought this action to compel Cecilia McKenna to give them the mortgage which she had agreed to give. To this end they prayed in their complaint that her conveyance of the fee to the defendant Gilbert should be set aside as wholly fraudulent and void. They also asked that the mortgage to be given to them should be declared a prior lien to the mortgages which had been made to the defendants Riley and Lumb, on the ground that these defendants paid no consideration, or an insufficient consideration, for their mortgages, and took them with full notice and knowledge of the plaintiffs' rights under the agreement of January 9, 1895. Upon the trial it was proved without dispute that the deed to the defendant Gilbert was really a mortgage to secure payment of a balance due to him for mantels which he had furnished to the premises. This balance amounted to but $913.10 on February 2, 1895, while the equity in the property which he acquired as security probably exceeded $20,000. As to the defendants Lumb, the proof failed to show any notice to them of the agreement to give the plaintiffs a mortgage, and the plaintiffs on this appeal do not question the propriety of dismissing the complaint so far as these particular defendants are concerned. In re-

gard to the defendant Riley, the evidence as to notice was conflicting, with a decided preponderance in favor of the conclusion that he was informed of Cecilia McKenna's agreement with the plaintiffs before he took his own mortgages. We infer that this was also the opinion of the learned trial judge, for he omits all reference in his decision to the question of notice to Riley, while he expressly finds that there was no notice to the Lumbs.

Two opinions were written at the special term. The first relates to the capacity of the plaintiffs to maintain the action. It appeared on the trial that after the suit was commenced the cause of action had been transferred to the Brainerd Quarry Company by an instrument of assignment delivered after all the defendants had been served. The suit could be continued in the name of the original plaintiffs under these circumstances. Code Civ. Proc. § 756; McGean v. Railway Co., 133 N. Y. 9, 30 N. E. 647; Payne v. Wilson, 74 N. Y. 348, 354. And such seems to have been the conclusion of the learned trial judge, although at first he entertained some doubt on the subject. In his second opinion, however, delivered after a reargument, he directed judgment against the plaintiffs on the ground that a present valuable consideration, as distinguished from a past indebtedness, is essential to support an agreement to give a mortgage, so as to make the specific performance of such an agreement enforceable in a court of equity; and he held that there was no sufficient proof before him of the present consideration which the law requires in a case of this character. The appellants not only question the correctness of the rule of law thus laid down, but contend that, even if it be correct, the proof shows that the agreement upon which they rely was founded upon just such a present consideration as the rule prescribes. As I think they are right in the latter respect, it may not be necessary to determine whether the court below stated the legal proposition too strongly or not; but it seems to me that the tendency of the decisions and the weight of authority are in favor of the view of the law which was expressed at special term in regard to the necessity of a present consideration to create an equitable mortgage of which the specific performance will be decreed. In most cases, as was said in Bank v. Lanier, 7 Hun, 623: "Equitable mortgages which have been upheld have been created to secure an advance of money or of credit made at the time, or of advances to be made in the future, and actually made, and not as security for an antecedent indebtedness." The case of Burn v. Burn, 3 Ves. 573, is cited, however, as an exception, and it is said that there "an agreement to give a mortgage for an antecedent indebtedness was held to create a specific lien." I find no warrant in the report itself for this statement of what was decided in that case. The question there before the chancellor was whether three bonds, which in form bound three partners jointly, but not severally, having been filled up as joint bonds through mistake and the ignorance of the parties, could be treated as several bonds in the administration of the assets, the real intention of the obligors having been that each partner should be severally bound. The chancellor held that the mistake could be corrected, and the bonds reformed as against creditors. No ques-

tion of consideration was discussed, and the citation of this case in Re Howe, 1 Paige, 125, has no significance on that subject. The only cases cited by the appellants in which it distinctly appears that the agreement to give a mortgage was for the purpose of securing an antecedent indebtedness are Card v. Jaffray, 2 Schoales & L. 374, and Sir Simeon Stewart's Case, Id. 381; but in neither instance does it appear that the character of the consideration was discussed. On the other hand, the necessity of a valuable consideration moving at the time is assumed by Stoddart v. Hart, 23 N. Y. 556, 561, and other cases cited in the special term opinion. But, as already intimated, I think there actually was a present consideration for the agreement by Cecilia McKenna to give the plaintiffs a mortgage on her 102d street property. Security was expressly promised by the original contract concerning the brownstone to be given with the notes for the balance of $3,700 which should be due when the buildings were inclosed. The subsequent execution and delivery of the agreement to give the mortgage may well be regarded as a fulfillment of this promise, and as so relating back to it as to make the performance of the work by the plaintiffs a continuing consideration, which was operative up to the time of the mortgage agreement. Furthermore, the uncontradicted testimony of James McKenna shows that, instead of insisting on their pay for this brownstone, as they might have done, the plaintiffs "agreed to take a mortgage payable in a year." This was a present consideration of value, within the authorities. It is enough that the creditor, on the faith of the agreement, has acted to his prejudice, unless the agreement be sustained. Bank v. Lanier, supra. It follows that even on the theory upon which the case was tried by the court below the agreement of January 9, 1895, is to be deemed enforceable against Cecilia McKenna. We must next inquire to what extent, if at all, is the equitable mortgage thus created in the plaintiffs' favor entitled to priority over the subsequent mortgages to Riley and the conveyance (which, as we have seen, is really a mortgage) to Gilbert. Upon the evidence in this record it is a lien which certainly takes precedence of those asserted by Riley, and probably of that asserted by Gilbert. The plaintiffs, upon the testimony of Gilbert himself, were entitled to have his deed adjudged to be merely a mortgage, whether it is subordinate to their equitable mortgage or not. The priorities of these mortgages can be adjusted in the new trial which we are constrained to order.

The judgment should be reversed, except as to the defendants Lumb, and a new trial granted, with costs to abide the event. All concur.