[Sac. No. 2197. Department One.—May 7, 1915.]

## F. KNOBLOCH, Respondent, v. ASSOCIATED OIL COMPANY (a Corporation), Appellant.

TAXATION—VALUATION OF PROPERTY IN ASSESSMENT-BOOK—ABSENCE OF DOLLAR MARK IN ONE COLUMN.—Where an assessment-book otherwise conforms to the requirements of section 3650 of the Political Code, and is divided into the columns with distinct headings prescribed by the state board of equalization, the mere absence of a dollar mark at the head of the column entitled "Value of real estate other than city and town lots," does not invalidate an assessment of the real property described opposite the figures inserted in such column, if the dollar mark appears in the heading of the last column entitled "Total value of all property after deductions," and the same figures are inserted in that column in the appropriate place opposite the property described, without any entries being made in the intermediate columns. As an entirety, the book is equivalent to a statement that the value of the property assessed is the amount stated in the last column.

QUIETING TITLE—TRANSFER BY PLAINTIFF PENDING ACTION—SUBSTITUTION OF TRANSFEREE NOT NECESSARY.—In an action to quiet title to land, if a transfer by the plaintiff of the property in controversy occurs after the beginning of the action it is optional with the transferee to continue the action in the name of the original plaintiff, or to have himself substituted and proceed in his own name. If he elects the former alternative the court may give judgment according to the conditions existing at the time the case was begun.

APPEAL from a judgment of the Superior Court of Kings County and from an order refusing a new trial. M. L. Short, Judge.

The facts are stated in the opinion of the court.

Edmund Tauszky, for Appellant.

M. K. Harris, and J. R. Webb, for Respondent.

SHAW, J.—The defendant appeals from the judgment and from an order denying its motion for a new trial.

The complaint sets forth a cause of action to quiet the title of the plaintiff in a tract of land against the unfounded claim of the defendant. The answer denies the title of the plaintiff and alleges that the defendant is the owner of the land in controversy. The defendant's title is derived from a deed executed by the county tax-collector on behalf of the state of California to William O. Maxwell based upon a sale of the property for delinquent taxes levied and assessed for the year 1902. Maxwell thereafter conveyed the property to the defendant. The court made findings holding the alleged tax title of defendant invalid upon the ground that the property was not duly or legally assessed for the year 1902, the tax upon which the delinquent tax-sale was based.

The only defect urged against the validity of the assessment is the absence of the dollar mark at the head of the column in the assessment-book headed "Value of real estate other than city and town lots." The evidence shows that this defect existed. We think, however, that other parts of the assessment-book completely cured the omission. The essentials required in an assessment-book are set forth in section 3650 of the Political Code. That section provides that "the assessor must prepare an assessment-book, with appropriate headings as directed by the state board of equalization, in which must be listed all property within the county, under the appropriate head." The section then proceeds to state the matters that must be specified under appropriate headings. The evidence shows that the state board of equalization prepared the form of assessment-book by requiring a number of columns with distinct headings. The column headed "value of real estate other than city and town lots" comes first after the columns provided for a description of the real property. In this column no dollar mark was printed. It is divided into perpendicular lines appropriate for the insertion of a figure between each line. In these lines were the figures "160," and the column as it appears on the book has nothing to indicate whether the figures represent dollars, cents, or mills. If this

constituted the entire assessment-book upon this subject we should be compelled to sustain the decision of the court below upon the authority of *Fox* v. *Townsend*, 152 Cal. 51, [91 Pac. 1004, 1007], in which it was expressly held that a defect of this character was fatal to the validity of a tax-sale. Upon examining the book, however, we find that there is no ground upon which such fatal effect can be given to this trifling defect. Immediately following and to the right of the column above mentioned appear other columns. Numbering the first column 1, the others are as follows: (2) ''Value of Improvements Thereon''; (3) ''Value of City and Town Lots''; (4) ''Value of Improvements Thereon''; (5) ''Value of Personal Property exclusive of Money and solvent Credits''; (6) ''Amount of Money and solvent Credits''; (7) ''Deductions on account of Mortgages, Deeds of Trust, Contracts, or other obligations by which a debt is secured by lien on property''; (8) ''Value of the Interest of the Mortgages, Trust Deeds, Contracts or other obligations by which a lien is secured in the property affected thereby''; (9) ''Total value of all property after Deductions.'' In each of these columns numbered 4, 5, 6, 7, 8, and 9, the dollar mark appears in the appropriate place at the head of the column, showing that the figures to be entered below in the subdivision lines of the column represent the stated number of dollars respectively. In the assessment in question no figures were entered in any of the columns from 2 to 9, except column ''9'' headed ''Total value of all property after deductions.'' The effect of this condition of the book was equivalent to a statement that there were no improvements upon the land in question, no city or town lots assessed to the owner, no personal property, no money or solvent credits, no deductions on account of mortgages and no mortgage or trust-deed interests to be valued. In brief, that there was nothing to be added to the value of the real estate described on the line and preceding the figures ''160'' in column 1. In column 9, at the appropriate place opposite the description and opposite the figures ''160'' in column 1, appeared the figures ''160'' in the first three subdivision lines of column 9 at the right-hand side thereof. This clearly showed that the total value of all property after deductions was one hundred and sixty dollars. The previous columns showed that the only property valued was the property here in controversy. As an entirety the book was equivalent, there-

fore, to a statement that the value of the property in controversy was one hundred and sixty dollars. No person could be misled upon an examination of the assessment-book. It would clearly inform him that the total assessed value of the property was one hundred and sixty dollars and that nothing was deducted therefrom on any account whatever. These facts clearly distinguish the case from *Fox* v. *Townsend,* 152 Cal. 51, [91 Pac. 1004, 1007], and the other cases upon which that case is founded. In none of them does it appear that there were other columns in which the dollar mark was properly entered and which conclusively showed that the property was valued in dollars at the amount stated by the figures. Our conclusion is that the court erred in holding that the tax-sale and deed were invalid because of this defect. It is necessary therefore to reverse the judgment and order.

In view of the possibility of another trial, it is proper to mention another point urged for reversal. After the beginning of the action and before the trial, the plaintiff conveyed to one Murray an undivided three-fourths interest in the land in question. It also appeared that the title he holds of the remaining fourth is held by him in trust for another person. The claim of the appellant is that because of these facts the court could not proceed with the case, or give judgment in favor of the plaintiff, in case it should properly decide that the plaintiff was the owner thereof at the time the action was begun. This claim is without merit. Where a transfer by the plaintiff of the property in controversy occurs after the beginning of the action it is optional with the transferee to continue the action in the name of the original plaintiff, or to have himself substituted and proceed in his own name. (Code Civ. Proc., sec. 385.) If he elects the former alternative the court may give judgment according to the conditions existing at the time the case was begun. The transferee in that event must be deemed to have elected to trust the original plaintiff to make over the title to him in some appropriate manner after the judgment has become final.

The judgment and order are reversed.

Sloss, J., and Lawlor, J., concurred.