[Civ. No. 4396. First Appellate District, Division One.—August 23, 1923.]

## C. A. BATES et al., Respondents, v. W. R. BERRY, Appellant.

[1] STREET LAW—ASSIGNMENT OF BONDS—ACTION TO QUIET TITLE AGAINST ASSIGNOR—NOTICE OF ASSIGNEE OF PENDENCY OF ACTION —SECTION 385, CODE OF CIVIL PROCEDURE—JUDGMENT BINDING ON ASSIGNEE.—Where an assignee of street bonds had notice of the pendency of an action to quiet title to property affected by such bonds, brought by property owners against his assignor (a street contracting company), and such notice was obtained long before the answer of the assignor was filed in such action, the assignee, under section 385 of the Code of Civil Procedure, could have been substituted as defendant in place of the assignor, or could have elected, as he did, to have the case continued in the name of the assignor, and in either case such assignee was bound by the judgment rendered in such action.

[2] ID.—PARTICIPATION IN LITIGATION BY ASSIGNEE — JUDGMENT—ES-TOPPEL.—Such assignee, by participating in the litigation against his assignor by advancing money for its conduct, was estopped by the judgment rendered therein.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. A. Beasly, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. M. F. Soto for Appellant.

Ralph C. McComish for Respondents.

TYLER, P. J.—Action to quiet title to nine separate parcels of land owned by the various plaintiffs herein.

The complaint is in the ordinary form. Defendants by their answer admit that defendant Berry claims to have a lien in and upon each of the several parcels of real property described in the complaint, and by way of cross-complaint and for the purpose of obtaining affirmative relief they allege that certain proceedings were had under the Street Bond Act of 1893 (Stats. 1893, p. 33), for street work done under the Vrooman Act (Stats. 1885, p. 147, as amended), by which certain bonds were issued against the several parcels of land in question. From the record it appears that certain proceedings leading up to the issuance of the bonds were inaugurated in June, 1912, when the city council of San Jose passed its resolution of intention for the improvement of Alum Rock Avenue, providing for a concrete base, asphalt covering, concrete gutters, and corrugated iron culverts. The work was done under the Vrooman Act, the cost to be collected under the Bond Act of 1893. Ransome-Crummey Company, a corporation, was the successful bidder. A notice of the award was posted January 31, 1913, and published February 3, 1913. The right of the owners to perform the contract expired February 13, 1913. The contract with the Ransome-Crummey Company was thereafter executed February 13, 1913.

With reference to the corrugated iron culverts which formed part of the work to be performed the resolution provided "that there be constructed thereon eleven corrugated iron part circle pipe culverts, each having a twelve-inch radius, a height of six and one-half inches at the center, and a concrete base four inches thick." The value of this portion of the work amounted to several hundred dollars.

On March 10, 1913, the mayor and members of the common council met informally with a representative of the Ransome-Crummey Company, discussed the matter of making certain changes or alterations in the work which was then being constructed, and they finally agreed that there should be omitted therefrom the eleven corrugated iron part circle pipe culverts, and that in lieu thereof open concrete drains should be substituted. Thereafter a resolution was adopted to this effect. The time to protest under section 5½ of the Vrooman Act (as added by Stats. 1909, p. 31), had expired on February 13th, some twenty-five days

before the above action was taken. In the performance of the work the culverts provided for under the original resolution of intention were omitted therefrom. On April 28, 1913, the assessment and warrant were recorded. Certain property owners filed an appeal under section 11 of the Vrooman Act. On the same day the contractor also took an appeal under the same section. The appeal of the contractor was sustained, and a new assessment was issued on July 2, 1913.

The bonds here involved were previously issued on June 16th by the city treasurer to the contracting company.

In his answer to the supplemental complaint filed herein defendant Berry claimed to have acquired these bonds as trustee for the Standard Portland Cement Corporation, to which company they had been assigned by the Ransome-Crummey Company.

On July 24, 1913, an action was commenced in the superior court of Santa Clara County in which the plaintiffs were substantially the same as the plaintiffs in this action, and Ransome-Crummey Company and the treasurer of San Jose were defendants. That action was also one to quiet title to the same land involved in this action. The record also shows that the Standard Portland Cement Corporation and W. R. Berry had definite notice and knowledge as early as January, 1914, of the pendency of this action. Berry also had notice at this time that the interest coupons on the bonds were not paid on January 2, 1914. Counsel for appellant herein verified an answer and cross-complaint in the *Bates* v. *Ransome-Crummey* case (42 Cal. App. 699 [184 Pac. 39]), in which that company claimed to be the absolute owner of the bonds. This was almost a year after their pretended sale to Berry. Judgment was entered in that action on November 24, 1915, quieting the title of plaintiffs against Ransome-Crummey Company and the city treasurer. An appeal was taken and it was dismissed October 14, 1919. The present action was commenced February, 1915.

Upon the trial thereof it was claimed that the bonds were prematurely issued, and that the contract was changed after it was executed by the omission of the iron culverts, for which reason it was asserted that no recovery could be had thereon. It was also contended below, and is here,

that defendants are estopped by the former judgment above referred to, which is pleaded in the supplemental complaint as being *res judicata*.

The trial court found in substance that neither nor any of the defendants had any right, title, interest, or estate in the parcels of land in question. It further found that in doing the work provided for in the resolution of intention Ransome-Crummey Company wholly failed and omitted to install the iron culverts, and had not therefore substantially performed its contract; that the owners had appealed from the assessment and that their appeal had been denied. It wàs further found that on July 24, 1913, an action was commenced in the superior court of Santa Clara County in which the plaintiffs in this action were plaintiffs and Ransome-Crummey Company and the city treasurer of San Jose were defendants; that this action was one to quiet title to the same property described in the action against Ransome-Crummey Company and the city treasurer, and that it arose out of the same improvement of the same street; that on August 2, 1913, said company indorsed and delivered to the defendant herein the bonds referred to in the cross-complaint; that in the month of January, 1914, defendant received notice and knowledge of the pendency of said action, and that plaintiffs herein were contesting the validity of the bonds; that in the month of March, 1915, defendant Berry returned the bonds to Ransome-Crummey Company for the purpose of enabling this company to collect the amounts due thereunder; that judgment was entered in that action against the company in December, 1915, and that a new trial was denied; that an appeal was taken and determined, and that the judgment became final. It was further found in this connection that the attorney in the present suit was the attorney for the defendants in the former action, and that he had been such attorney for defendant Berry since January, 1914.

Judgment was accordingly rendered in favor of plaintiffs herein and defendant Berry appeals.

The findings of the trial court are fully supported by the evidence. With reference to the former suit had between the parties it appears therefrom that the action of *Bates* v. *Ransome-Crummey Co.*, was prosecuted by plaintiffs herein except that three of the present plaintiffs are suc-

cessors in interest to one of the former plaintiffs. The action involved the same property. It was commenced July 24, 1913. Defendant Berry succeeded to the interests of the Ransome-Crummey Company on August 2, 1913. He knew of the pendency of the action as early as January, 1914, when he attempted to collect the coupons on the bonds. This was long prior to the time of the filing of the answer. [1] Under section 385 of the Code of Civil Procedure he could have been substituted as defendant in place of the company, or he could have elected, as he did, to have it continued in the name of the original defendant. In either case he was bound by the judgment (*Knobloch* v. *Associated Oil Co.*, 170 Cal. 144 [148 Pac. 938]).

Section 1908 of the Code of Civil Procedure provides, in part, that the effect of a judgment or final order in an action or special proceeding is, in respect of the matter directly adjudged, conclusive between the parties and their successors in interest by title acquired subsequent to the commencement of the action, litigating for the same thing, provided they have notice, actual or constructive, of the pendency of the action. The evidence establishes the fact that defendant and appellant herein had notice, and, in fact, it shows that he participated in the litigation by advancing money for its conduct. [2] By participating in the former proceedings defendant is estopped by the judgment (15 R. C. L. 1010–1016; 23 Cyc. 1259). This being so, other questions become unimportant and it is unnecessary to discuss them.

The judgment is affirmed.

St. Sure, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 21, 1923, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 22, 1923.