**COLLEY, etc., Plaintiff-Appellant, v. ENGLEWOOD VILLAGE, et al, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 1887—Decided September 10, 1946

I. C. Delscamp, Dayton, for Plaintiff-Appellant.
Webb R. Clark, Dayton, for Defendants-Appellees.

**OPINION**

By THE COURT:

Submitted on motion of the Defendants-Appellees to dismiss the appeal for the reason that the Plaintiff-Appellant is not the real party in interest.

The Plaintiff-Appellant, William E. Colley, instituted the action on September 28, 1944, on his own behalf and on behalf of all other persons similarly situated, and at that time was the owner of real estate situated in the Village of Englewood. After this action was disposed of in the Court of Common Pleas and subsequent to taking an appeal to this court, the Plaintiff-Appellant on January 5, 1946, sold the property which he owned in the Village of Englewood.

The Defendants-Appellees contend that the appeal should be dismissed by reason of the provisions of §§11241 GC, which in part provides that, "An action must be prosecuted in the name of the real party in interest." We are of the opinion that the provisions of §11261 GC are controlling, which in part provides:

"* * * On any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted for him."

We are of the opinion that this action may be prosecuted by the original party and that the motion to dismiss the appeal should be overruled. We cite as authority in support of this proposition **The Cullen & Vaughn Co. v. The Bender Co., 112 Oh St 82; Lowry v. Anderson, 57 Oh St 179; Railroad Co. v. Vogeley, 21 Oh Ap 88;** Bonding Co. v. Bank, 22 C. C. N. S. 177.

Motion to dismiss the appeal is hereby overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.