**BENNETT, Plaintiff-Appellee, v. DAYTON MEMORIAL PARK AND CEMETERY ASSOCIATION et, Defendant-Appellee, and OHIO LIQUIDATING COMPANY, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2070.   Decided November 2, 1949.

Howard P. Williamson, Dayton, for plaintiff-appellee.

Cowden, Pfarrer & Crew, Dayton, for defendant-appellee, Winters National Bank and Trust Company.

Froug & Froug, Dayton, for defendant-appellant, The Ohio Liquidating Company.

## OPINION

By WISEMAN, J.:

Submitted on motion of the defendant-appellee, The Winters National Bank and Trust Company of Dayton, to dismiss the appeal of the Ohio Liquidating Company.

The motion is grounded on the fact that the Ohio Liquidating Company was substituted as a party to the action in the place of the Stockholders Realization Corporation by entry made by the Common Pleas Court after judgment was entered. The entry provided that the order of substitution should be entered nunc pro tunc as of November 7, 1944, which was prior to the date of the judgment.

The contention of counsel for the bank is that only parties to the action are entitled to file an appeal from a judgment; that the judgment terminates the action; that any attempt on the part of the court to substitute a party after judgment is a nullity and that such substituted party has no right to take an appeal from the judgment. Counsel also contends that §11261 GC, which provides for substitution of parties, gives the court authority to make substitution only while the action is pending and prior to judgment. We do

not agree. **Sec. 11261 GC,** in part provides as follows: "On any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted for him." There is no time limitation mentioned in this section within which the court may act. But we are also required to observe the provisions of §11363 GC, which provides, in part, as follows: "Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, * * * etc." Under this section an amendment which is allowable may be made at any stage of the proceedings. It may be made after judgment as well as before judgment. However, after judgment the court should exercise its authority with caution in furtherance of justice. It therefore becomes immaterial that the entry substituting the Ohio Liquidating Company for the Stockholders Realization Corporation was entered nunc pro tunc. In support of the proposition that the court may exercise such power under §11363 GC after judgment the Court cites the following authorities: **Henry v. Jeans, 48 Oh St 443, 28 N. E., 672; Industrial Gas Company v. Jones, 62 Oh Ap 553, 24 N. E. (2d) 830; Vol. 30 O. Jur., 800, 804, Parties, Sections 71, 73, Vol. 31 O. Jur., 944, 955, Pleadings, Sections 338, 339, 348.** Motion to dismiss will be overruled.

MILLER, PJ, and HORNBECK, J, concur.