AKRON AMBULANCE SERVICE, INC., APPELLANT, *v.* COX, D. B. A. COX FUNERAL HOME, ET AL., APPELLEES.

(No. 4470—Decided January 11, 1956.)

*Messrs. Hershey, Hatch, Browne, Wilson & Cook,* for the motion.

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress,* contra.

HUNSICKER, J. This cause is presented to this court upon a motion by Akron Ambulance Service Company, herein called the Company, in which the Company asks to be substituted as a party appellant to the within action.

Akron Ambulance Service, Inc., herein called Service, Inc., sold its ambulance business to the Company, and retained for its own purposes certain other phases of its business, known as oxygen service and medical equipment rental. The seller, Akron Ambulance Service, Inc., agreed not to compete in the ambulance business for a period of five years, and the Company agreed not to compete in the business which Service, Inc., retained, for a like period of five years.

At the time of this sale, there was pending in this court this appeal on questions of law and fact. This action, prosecuted from a judgment of the Common Pleas Court of Summit County, Ohio, seeks to permanently enjoin the appellee, Howard B. Cox, a funeral director, from operating an ambulance in Summit County, Ohio.

After the sale of the ambulance business to the Company, the Company asked leave of this court to be substituted as the appellant herein. The appellee, Cox, objects to this substitution, claiming that the contract of sale did not transfer the entire property and rights of Service, Inc., to the Company, but transferred only a part of its property, and that the negative covenants, upon which the request for injunction is based, are one indivisible contract.

In our consideration of this matter, we are first confronted with the statute which permits a substitution of parties to be made when there is a transfer of interest in a pending action.

Section 2307.25, Revised Code, says:

"An action shall not abate by the marriage of a female who is a party, but if it is necessary that her husband be joined therein, he may be made a party with her. Upon the dissability of a party, the court may allow the action to continue by or against his representative, or successor in interest. No order shall be made for the continuation of an action for the recovery of money, pending at the death of the defendant, except upon motion, of which written notice shall be given to the executor or administrator within the time provided for the presentation

of claims by creditors in Section 2117.06 of the Revised Code. *On any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted for him."* (Italics ours.)

In *Cullen & Vaughn Co.* v. *Bender Co.*, 122 Ohio St., 82, 170 N. E., 633, 68 A. L. R., 1332, the court said:

"5. The assignment by a plaintiff of his interest in a controversy made during the pendency of a suit to recover is not a defense to the action, but the cause may proceed in the name of such plaintiff."

In *Colley* v. *Village of Englewood*, 78 Ohio App., 501, 71 N. E. (2d), 150, the court said:

"Where a plaintiff at the time of instituting his action owns real estate involved and, after disposal of the action in the trial court and subsequent to the taking of an appeal, sells such real estate, the action may be prosecuted in the name of such plaintiff."

See also: *Bennett* v. *Dayton Memorial Park & Cemetery Assn.*, 87 Ohio App., 123, 93 N. E. (2d), 712; *Westwater* v. *Murray*, 245 F., 427; 1 Corpus Juris Secundum, Abatement and Revival, Sections 106 b and 112 f.

Does the above statute concerning substitution of parties apply when only a part of the interest is transferred?

We think it does, although we have found no Ohio case which discusses the problem now before us. If, however, an action may continue in the name of one who has transferred his entire interest, there would appear to be no reason why the instant action could not proceed to a final conclusion by Service, Inc., even though it sold a part of its business to the Company.

Our question, of course, is, May such action proceed in the name of a substituted party, when only a part interest is sold?

It might be pointed out herein that the portion of the business that was sold and the negative covenant which is sought to be enforced, relate to the same thing—that is, ambulance service in Summit County, Ohio.

In 149 A. L. R., 829 *et seq.*, there is an annotation, with many authorities cited, bearing on the construction and application of statutory provisions which permit an action pendente

lite to proceed in the name of the original party or in the name of the transferee of the original party's interest.

The general rule, under statutory provisions similar to the Ohio statute, is stated in 149 A. L. R., 830, as follows:

"* * * under statutory provisions relating to transfers pendente lite the fact that a party has assigned or transferred the subject of the action or his interest therein after commencement of the action is not cause for abatement or dismissal, but the action may be continued in the name of the original party for the benefit of the assignee or transferee, and the fact of the transfer of the plaintiff's entire interest is no defense to the action. Nor does a transfer by a plaintiff of a part of his interest in the subject matter of the action abate the suit."

The authorities cited in the annotation support the rule as set out. See: *Knoblock* v. *Associated Oil Co.,* 170 Cal., 144, 148 P., 938; *Price* v. *Baldauf,* 90 Iowa, 205, 57 N. W., 710; *McKnight* v. *Bertram Heating & Plumbing Co.,* 65 Kan., 859, 70 P., 345; *McGean, Exr.,* v. *Metropolitan El. Ry. Co.,* 133 N. Y., 9, 30 N. E., 647.

We wish to emphasize here that we are dealing only with a question of substitution of parties to pending litigation, and we do not express any opinion with reference to the merits of the case, or whether there was a right of action transferred by the Akron Ambulance Service, Inc., in the sale of a portion of its business to Akron Ambulance Service Company.

We therefore determine that, under the interpretation which we must accord to Section 2307.25, Revised Code, this pending appeal "may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted for him."

The motion to substitute Akron Ambulance Service Company as party appellant herein for Akron Ambulance Service, Inc., is granted.

*Motion granted.*

STEVENS, P. J., and DOYLE, J., concur.