PIERRE MERLE, Appellant, v. PATRICK MEAGHER, Respondent.

No. 2155; October 17, 1870.

**Deed—Time of Execution.—The Date Mentioned** in a deed as the date of its execution is only presumptively the true date, when there is no evidence that it was really executed at a different time.

**Deed—Date of Execution.—By Statute the Certificate of Acknowledgment** is prima facie evidence of the genuineness of the

deed, that is, that it had been executed at the time the certificate was made; as to what time that was, the date on the face of the certificate is itself prima facie evidence.

APPEAL from Fifteenth Judicial District, San Francisco County.

Edward Tompkins for appellant; Byrne & Freelon and R. F. Ryan for respondent.

TEMPLE, J.—Both parties claim title to the premises in controversy under Charles W. Stewart, who was the grantee of one Joseph Hobson—Hobson conveyed to Stewart by a deed, which purports to be executed on the 21st of July, A. D. 1851, and which was recorded on the 29th of the same month. It was acknowledged, however, on the 4th (fourth) day of July, A. D. 1851. The deed from Stewart, under which defendant derives title, bears date the 19th of July, 1851, and was acknowledged July 29th of the same year, and recorded the same day, while the deed from Stewart, under which the plaintiff claims, bears date in 1852. There was no evidence of the time either of the deeds were executed or delivered, save the presumptions arising from the above dates.

The deed from Stewart, under which the plaintiff claims, is a quitclaim deed, and, in case it should be held that the deed from Hobson had not been delivered prior to the time of its apparent execution, it will follow that Stewart had not title to convey at that time, and as the after-acquired title would not inure to the benefit of Stewart's grantee, the defendant has no title but the title passed to the plaintiff's grantor by the deed from Stewart in 1852.

It is claimed by the plaintiff that there being no allegation of proof to the contrary, the dates which the several deeds bear must be regarded as their true dates, and that the presumption is, that they were delivered at the time they were executed, and it consequently follows that Stewart had no title to convey at the time he executed the deed under which the defendants claim.

The date mentioned in a deed as the date of its execution is only presumptively the true date, when there is no evidence that it was really executed at a different time. The statute makes the certificate of acknowledgment prima facie evidence

of the genuineness of the deed—that is, that it had been executed at the time the certificate was made, and there can be no doubt that the date upon which the certificate purports to be made is prima facie the true date of the certificate. It is one of the very facts which the officer is required to certify. This is at least sufficient to overcome the presumption, raised by the date which the deed bears, that it was not executed until the 21st of July, and then the burden of proof falls upon the plaintiff.

Judgment and order affirmed.

We concur: Rhodes, C. J.; Crockett, J.; Sprague, J.; Wallace, J.