[Civ. No. 13600.   Second Dist., Div. Three.   Oct. 2, 1942.]

CITIZENS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES (a National Banking Association), Appellant, v. MARTHA F. BROWN et al., Respondents.

Cosgrove & O'Neil and J. J. Brandlin for Appellant.

J. Everett Brown and Faries & McDowell for Respondents.

SHAW, J. pro tem.—Plaintiff appeals from a judgment adverse to it in an action to quiet its title to real property. The only evidence of title produced by plaintiff was a tax deed of the property to Olivia Duer, and a grant deed of the property by her to plaintiff. The defendants did not plead title in themselves, but merely denied plaintiff's title. They now undertake to support the judgment in their favor on the grounds that by a former adjudication binding on plaintiff its tax title was determined to be invalid, and that on the proof here the tax deed was void.

Taking up first the claim of former adjudication, it appears that after plaintiff's tax deed was made, an action to quiet title to the property in question was brought in the superior court by the personal representative of the owner of the property, whose title was divested by the tax deed, if valid, against Olivia Duer, who was then the holder of title under the tax deed. Martha F. Brown, one of the defendants herein,

was substituted as plaintiff in that action and it then went to trial, with the result that on April 6, 1931, the court made a minute order reading as follows: "Cause having been heard heretofore and submitted, whereupon it is now ordered that plaintiff have judgment on condition of payment to defendants of $420.56, taxes paid." It does not appear that findings were waived and no findings were ever made, nor was any judgment entered until the proceedings next stated were had. On May 2, 1940, an order substituting the plaintiff in the present action as defendant in that action was made. The substituted defendant there then made a motion for judgment in its favor on a showing that the plaintiff there had not complied with the minute order of April 6, 1931, above set forth. The court made an order denying this motion and directing a dismissal of the action and thereafter, on September 16, 1940, a judgment was rendered which, after its preliminary recitals, was as follows: "Now, therefore, it is ordered, adjudged and decreed that the motion of the substituted defendant for an order that it take judgment quieting its title to that certain parcel of real propery described as: [describing the property now in question] is denied, and the action is dismissed, each party to bear his or its own costs."

Defendants rely on the judgment just quoted as an adjudication that plaintiff's tax title is invalid. This contention cannot be upheld. To establish a plea of former adjudication the prime essential is an adjudication of the matter in question; or, as subdivision 2 of section 1908 of the Code of Civil Procedure, on which defendants rely, states it, "the judgment or order is, in respect to the matter directly adjudged, conclusive," etc. The particular part of the judgment on which defendants' contention rests is the statement that "the motion of the substituted defendant for an order that it take judgment quieting its title" to the property here in question "is denied." This does not constitute an adjudication regarding the title of the substituted defendant, but a mere refusal to make such an adjudication. From an opinion filed by the trial judge in the former action it appears that the motion for judgment was based on plaintiff's failure to comply with the minute order above quoted, and that the court's action upon it was taken on the authority of *Newcomb* v. *City of Newport Beach*, (1938) 12 Cal. (2d) 235 [83 P. (2d) 21]. That case holds that an owner who fails to comply with a condition that he reimburse the purchaser before he can have a judgment quieting title against a tax sale does not thereby

forfeit his title, and a judgment quieting title cannot for that reason be entered against him but the proper judgment is one denying him any relief, usually a dismissal. The judgment here in question purports to comply with that decision; but if its meaning were at all doubtful it should not be extended by implication so as to grant relief which should have been denied. Defendants also cite section 1909 of the Code of Civil Procedure in support of their contention in this respect, but it declares that a judicial order creates a presumption, "according to the matter directly determined," a provision no stronger than that of section 1908 and inoperative where, as here, there is no determination. The remaining part of the judgment is a mere dismissal of the action, and this, of course, is not an adjudication of the merits of the action. (*Goddard* v. *Security Title etc Co.*, (1939) 14 Cal. (2d) 47, 53 [92 P. (2d) 804].)

The tax deed here was in the statutory form provided by section 3785b of the Political Code. The defect in it on which defendants rely is simply that the deed is dated July 31, 1922, and the county clerk's certificate of its acknowledgment by the tax collector is dated July 3, 1922. The deed recites that the sale was made on July 3, 1922. The deed might, therefore, properly have been signed and acknowledged on that day. Indeed, section 3785b of the Political Code, as it stood at the time of sale (Stats. 1913, p. 558), provided that when a tax sale has been made to a purchaser other than the state the tax collector "must forthwith" execute a deed to such purchaser. To this provision was appended a proviso that "no deed shall be delivered in any event until redemption has been made of such property and all taxes, penalties, interest and charges have been paid which may have been accrued by reason of any previous tax sale or delinquency." Sections 3764 and 3771a (Stats. 1921, pp. 108, 110) authorized and required the purchaser to make such redemption, and section 3771a provided that if he failed to do so within thirty days after the sale the property should be deeded to the state. Taking all these provisions together, it is clear that the tax collector could properly sign and acknowledge his deed on the date of, and after, the sale, or at any later date, but must withhold the delivery of it until and unless redemption has been made by the purchaser as required. Hence if, in this case, both deed and acknowledgment had been dated on July 3, 1922, no defect in the deed would appear.

The effect of a conflict between the date of a deed and that of the certificate of its acknowledgment was considered in *Merle* v. *Meagher*, (1870) 1 Cal. Unrep. 644. There the deed was dated July 21, 1851, but the date of the certificate of acknowledgment was July 4, 1851. The court held that the date of the certificate of acknowledgment was controlling, in the absence of other evidence, saying: "The date mentioned in a deed as the date of its execution is only presumptively the true date, when there is no evidence that it was really executed at a different time. The statute makes the certificate of acknowledgment prima facie evidence of the genuineness of the deed — that is, that it had been executed at the time the certificate was made, and there can be no doubt that the date upon which the certificate purports to be made is prima facie the true date of the certificate. It is one of the very facts which the officer is required to certify. This is at least sufficient to overcome the presumption, raised by the date which the deed bears, that it was not executed until the 21st day of July. . . ."

It therefore appears here that the tax deed was both signed and acknowledged on July 3, 1922. It may be noted that the code did not require the tax deed to be acknowledged at all, and hence it would have been valid without any certificate of acknowledgment or with a defective one. But unless the deed was "duly acknowledged or proved," it would not be evidence of the regularity of the proceedings on which it was based, of which section 3786 of the Political Code made it "primary evidence" as to some, and section 3787 made it "conclusive evidence" as to all others, but only, in each case, if it was "duly acknowledged or proved." No proof of the deed other than the acknowledgment was attempted here, nor was there sufficient evidence, other than the deed, to show the regularity of the prior proceedings. Hence if the deed was not "duly acknowledged" plaintiff must fail in this action and the judgment must be affirmed. But we find nothing in the evidence to show that the acknowledgment was not "due," that is, legal, proper and according to law. The form of the certificate of acknowledgment is not attacked and it appears to be in accord with the statutory provision therefor (Civ. Code, § 1189). The acknowledgment was made before a proper officer and at a time when it could lawfully be made.

In view of the decision in *Merle* v. *Meagher, supra*, (1870) 1 Cal. Unrep. 644, that the date of the certificate of acknowl-

edgment controls that of the deed, it appears that the deed was drawn up, signed and acknowledged prior to the date written into it. This reduces the supposed defect in the deed down to the fact that it is not truly dated, although the date appearing in it is one which would have been proper if it had been the true date. This does not appear to us to be such a defect as to render even a tax deed void. Not every fly speck on a tax deed has that effect. The rule, as stated in the syllabus to *Shipman* v. *Forbes*, (1893) 97 Cal. 572 [32 Pac. 599], cited by defendants, is that "In proceedings where the property of a citizen is to be taken, every requirement of the statute having the least semblance of benefit to the owner must be complied with." Many other authorities might be cited for this rule. Since the statutory form of deed provided for by Political Code, section 3785b, contains a space for a date, it may be that the statute inferentially directs the deed to be truly dated; but as far as any such requirement concerns a variance between one date and another, on either of which the deed could lawfully have been made, it has no semblance of benefit to the property owner and a failure to comply with it in that respect does not invalidate the deed.

Since the tax deed was valid and duly acknowledged, it was properly admitted in evidence and being so admitted, it raised presumptions under sections 3786 and 3787 of the Political Code of the regularity of the proceedings upon which it was founded. No evidence was introduced to controvert even the rebuttable part of these presumptions and the court therefore erred in not finding in accordance with them (Code Civ. Proc., § 1961).

The judgment is reversed.

Schauer, P. J., concurred.

SHINN, J.—I disagree with the holding of the main opinion as to the effect of the certificate of acknowledgment but concur in the judgment of reversal. The deed had to be duly acknowledged or proved before it could be given effect as proof of the validity of the assessment and the proceedings that followed, including the execution of the deed itself. I think it was not duly acknowledged within the meaning of section 3787 of the Political Code.

The general rule is that where an instrument appears on its face to be so defectively acknowledged that it is not entitled

to registration, its record is not constructive notice to subsequent creditor˻ or purchasers in good faith. (1 C. J. S. 399.) And it was held in *Waskey* v. *Chambers,* (1912) 224 U. S. 564 [32 S. .Ct. 597, 56 L. Ed. 885], (opinion by Mr. Justice Holmes) that a deed which required two attesting witnesses but bore the signature of only one at the time of its acknowledgment, and which had thereafter been altered with the consent of the parties in the matter of description, was not entitled to be registered and did not constitute constructive notice to the holder of a later conveyance. I can find no holding to the contrary.

The deed and the certificate of acknowledgment read together prove that the deed was mistakenly dated or intentionally postdated at the time of the acknowledgment or that it was undated then and dated later. The trial court evidently believed the latter to be the fact and held the deed to be void upon the theory that due acknowledgment was essential to its validity. So far as the question of fact is concerned it was much more reasonable to believe that the county clerk affixed his certificate on July 3rd to an undated deed than to one that then bore a date of July 31st. The deed was evidently executed and acknowledged with the intention of dating it on the day of delivery. This undoubtedly is the inference which the trial judge drew from the facts in evidence; it is a reasonable inference and we should accept it as an established fact.

Certificates of acknowledgment oftentimes furnish proof of a high character and they should. In the present situation due acknowledgment, evidenced by the certificate, would furnish the highest degree of proof; it would be conclusive. Where could there be found in the law a situation calling for more punctilious care to make a document speak the truth? I do not think it was necessary that the deed be acknowledged for it to be valid; that was not a requirement of the law. Neither do I believe that the signing or acknowledgment of the deed on July 3rd, before the redemption had been made, affected its validity. It had to have a date because that was required by statute; it was dated before delivery, which was sufficient. But it had no date at the time of the acknowledgment and it was not then a valid tax deed—no more a valid deed than if it had not described the property or had not named a grantee. Had it not been dated before delivery it would have remained void because the law required it to be dated. This uncom-

pleted instrument was the one that was acknowledged and certified, not the deed that was delivered and upon which plaintiff relies. That deed has never been duly acknowledged or acknowledged at all. If the owner of land is to be deprived of his right to prove the invalidity of tax proceedings by a mere certificate of acknowledgment, that certificate should be regular in every respect and should speak the truth. The law should not be severe to penalize one man for his mistakes or misfortune and lenient toward his adversary. Let those who rely upon a statute as harsh and unyielding as any to be found on the books bring themselves within the letter of the law or suffer the consequences of failure. The courts should not encourage loose practices in so important a matter as the regularity of tax deeds, especially practices which would logically lead to the acknowledgment of deeds in blank.

The deed in question, not having been duly acknowledged was not conclusive evidence of the regularity of the tax proceedings and plaintiff offered no other evidence. Nevertheless I think the judgment should be reversed, but for reasons other than those of the main opinion. The court admitted the deed in evidence. Neither party offered evidence as to the validity or invalidity of the prior proceedings. Had the court made a preliminary ruling during the trial, the record could have been completed and all of the facts would now be before us. As that was not done and as plaintiff's title depends upon the validity of the proceedings antedating the deed, that issue should be tried.