[Civ. No. 16255.   Second Dist., Div. One.   June 10, 1948.]

GEORGE E. HOWARD, Respondent, v. LEAMON H. JUDSON et al., Appellants.

John F. Poole for Appellants.

John O. Akin for Respondent.

DORAN, J.—The respondent herein instituted the present action for the purpose of quieting title to Lots 6 and 7 of Block 27 in the city of Long Beach, acquired by way of two tax deeds issued by the city on August 31, 1945. The appellants are the record owners of these lots, and contest the validity of respondent's tax title. On August 11, 1945, the property in question had been conveyed by the Los Angeles County Tax Collector to the city of Long Beach pursuant to article 2, chapter 8, part 6 of division 1 of the Revenue and Taxation Code; upon this deed, however, appellants make no attack. The trial court rendered judgment quieting title in the respondent. Appellants "submit that in view of the existing defects in the tax proceeding the deed to Howard is void and judgment should be for defendants, the record owners."

Appellants' brief, based upon the general proposition that "every detail of the law must be complied with to make the (tax) sale valid," alleges specific errors as follows: (1) "Published delinquent list August 8, 15, 22, 1933, should have been on or before June 10, 1933"; (2) "No sufficient description"; (3) Notice of sale specified "Taxes of 1933-34"

in place of correctly describing the taxes as of 1932-33 for which the tax deed to the city was issued; (4) "The Notice of Sale was posted instead of published as required by said Ordinance"; and (5), that the assessment was invalid. Finally, appellants argue that if any part of the tax proceeding is void, then all is void.

At the trial of the issues herein, respondent introduced in evidence the relevant tax deeds and ordinances, making out a prima facie case thereby, and as stated by appellant's counsel, the burden thereafter rested "on the defendant under these records." The trial court, in finding for the respondent, determined that the burden of defeating the prima facie tax title had not been satisfactorily met. In view of the nature of the procedural defects relied upon by appellants, the curative acts and ordinances presented by respondent, and the general situation as disclosed by the record, no reversible error is apparent.

The case of *Hall* v. *Chamberlain* (Cal.App.) 183 P.2d 743, has been cited by respondent. Appellants reply that the ruling therein was reversed by the Supreme Court in 31 Cal.2d 673 [192 P.2d 759] (April 3, 1948), holding that a curative tax statute is of no avail where the right of a transferee of the person having title at the time the delinquent tax proceedings were initiated, had vested prior to the effective date of the curative statute. The action to quiet title therein had been brought by holders of a mortgage foreclosure deed against claimants under a tax deed. Also, a tax deed from the state was held not conclusive evidence of the regularity of the proceedings where the intervening owner's interest had vested prior to an enactment making the tax deed conclusive evidence.

Relying on the Hall decision appellants maintain that "Mr. Judson's rights were all vested at the time of the tax sale and the City could do nothing that would change them." It is apparent, however, that there is but little similarity in the two cases. There is nothing, by way of analogy or otherwise, which will warrant a reversal of the trial court's decision in the instant case. The record fails to indicate that appellants were intervening transferees within the meaning of the Hall case; or that, by reason of any other unusual circumstances the appellant's rights were entitled to special consideration. The issues of the instant case involve no rights acquired by virtue of a mortgage foreclosure deed.

Moreover, it may be noted that the judgment rendered in the present case does not depend, for its validity, upon a conclusive presumption of regularity arising from the issuance of a tax deed. That the respondent made out a prima facie case shifting the burden of proof to appellants is admitted. The trial court could well find, from substantial evidence in the record, that appellants had not satisfactorily met this burden.

■ Appellants' averment that "every detail of the law must be complied with to make the (tax) sale valid," cannot be accepted as a correct exposition of the present rule. The tendency of the law, as reflected in the decisions and in the various curative acts, has been definitely away from earlier and more rigorous holdings in respect to minor irregularities. Modern curative acts, such as that found in Statutes of 1945, page 2176, have rendered innocuous those errors and irregularities which do not violate the jurisdictional and constitutional due process requirements. In this connection, attention is also called to ordinance No. C-2443, adopted by the city of Long Beach on October 26, 1945, which confirms and validates previous tax proceedings. The validity of curative acts, insofar as nonjurisdictional errors are concerned, can hardly be doubted. See *Miller* v. *McKenna*, 23 Cal.2d 774 [147 P.2d 531]; *Compton* v. *Boland*, 26 Cal.2d 310 [158 P.2d 397]. Clearly, the law does not require that absolute perfection of form which appellants' brief seems to insist upon.

■ It is argued that the delinquent tax list was published August 8, 15, 22, 1933, and that pursuant to ordinance B 55, section 48, it should have been published on or before June 10; that the actual publication was unauthorized and therefore constituted no notice. As supporting this view, appellants cite *Jones* v. *Walker*, 47 Cal.App.2d 566 [118 P.2d 299], holding a tax sale void where the notice failed to set forth the amount due for penalties, and other similar cases, none of which directly deal with the situation here presented. The respondent's brief, however, refers to ordinance C-1179, adopted on April 7, 1933, extending the time for publication to August 20, 1933, "due to the seismic disturbance of March 10, 1933." It is also pointed out that "On constitutional grounds, the delinquent list was not required to have been published at any particular time but could have been published at any time which would afford reasonable notice. . . . Therefore this irregularity is certainly disposed of by

either Ordinance No. C-2443 (hereinbefore referred to) or by the state curative act of 1945.''

Appellants also complain of the description in the published delinquent list as follows: '' 'Judson, Leamon H Alamitos Heights—Lot 6, Blk. 27'—No City, County or State Venue. No book and page of maps, no nothing.'' However, as pointed out in respondent's brief, the published list is headed ''Delinquent Tax List of the City of Long Beach The Fiscal Year 1932-33,'' and elsewhere in the list is again found the local determinative,—''City of Long Beach.'' No reasonable person, reading the publication, could have had any doubt that the ''Alamitos Heights'' there referred to was located in the city of Long Beach, California.

Other alleged errors are likewise inconsequential. For example, the claim that the ''Notice published was for the wrong year'' is without merit, for although the notice purported to be ''for the taxes of the year 1933-1934, *unless otherwise stated,*'' (italics added), the year was elsewhere correctly stated as 1932 in reference to appellants' property. Again, the record fails to establish appellants' claim that ''The notice of sale was posted instead of published as required by said Ordinance,'' although it is true that there is an affidavit of posting. As respondent's brief states, the appellants' attorney introduced in evidence the published lists from the Long Beach Sun, stating to the trial court,—''And it is published, if your Honor please, in the Long Beach Sun.''

Appellants' effort to avoid the tax assessment because of a failure to make use of the dollar sign to indicate the meaning of the assessment figures, is answered by the case of *Knobloch* v. *Associated Oil Co.,* 170 Cal. 144, 147 [148 P. 938], and other cases, holding that where an assessment book otherwise complies with legal requirements, the mere absence of the dollar sign does not invalidate the tax. The court there said: ''No person could be misled upon an examination of the assessment book.''

In the present case, it is clear that the trial court in effect determined that appellants could not have been misled or prejudiced by any of the alleged irregularities in either assessment or sale, and that such conclusion is supported by the evidence.

The judgment is affirmed.

York, P. J., and White, J., concurred.