[Civ. No. 16108. Second Dist., Div. Three. July 30, 1948.]

ELBERT, LTD. (a Corporation), Respondent, v. MARTIN FRANCIS NOLAN et al., Appellants.

James M. Gammon for Appellants.

John F. Bender, G. Loshoncy and Robt. E. Rosskopf for Respondent.

WOOD, J.—In this action to quiet title to real property, based on a tax deed, judgment was in favor of plaintiff. Defendants Nolan, who alleged ownership in themselves, appeal from the judgment.

The property was duly assessed for taxation in 1932. The taxes so assessed were not paid, and the property was sold by the tax collector to the State of California on September 2, 1933, for nonpayment of such delinquent taxes. The property was not redeemed, and on July 2, 1938, the tax collector deeded it to the state. On August 23, 1945, the state, acting through the tax collector, sold the property at public auction to, and deeded it to, the plaintiff.

When the deed of July 2, 1938, to the state was offered in evidence the appellants objected to the offer on the ground that the deed was void, in that it showed on its face that it was not issued after the lapse of five years from the date of the sale to the state, as required by section 3785 of the Political Code—that it was issued less than five years after the property had been sold to the state, that is, less than five years after September 2, 1933. The deed did recite that the property was sold on September 2, 1933, and that five years had elapsed after the property was sold. That objection was overruled. Appellants contend that the court erred in overruling said objection. That contention is not sustained.

Section 3785 of the Political Code, upon which said objection was based, provides in part: "If the property is not redeemed within five years from the date of the sale to the state, the tax collector . . . must make the state a deed of the property." That section then sets forth the required form of the deed to the state. Under the provisions of that section, standing alone, it would appear that the deed was void for the reason that on July 2, 1938, when the deed was made, the period of five years for redeeming the property after the sale to the state, on September 2, 1933, had not elapsed. The parties hereto agree, as shown by their briefs, that the time in 1933 for making a sale of tax delinquent property to the state, under the provisions of section 3771 of the Political Code and without regard to the extension of time hereinafter mentioned, was July 1st. It was proper, however, to make the sale to the state on September 2, 1933, instead of July 1st, for the reason that in May of 1933, a statute (sometimes referred to as a moratorium act) was enacted whereby the time for making a sale to the state in 1933 was extended 61 days from and after July 1, 1933. (Stats. 1933, ch. 591, p. 1520;

Deering's Gen. Laws, 1937, Act 8491.) In the 1933 statute, just cited, it was provided that "Notwithstanding the provisions of sections 3764 and 3771, and other provisions of the Political Code, the time of publication of the delinquent list and the time of sale for delinquency in the payment of . . . taxes for the fiscal year 1932-33 . . . shall be extended and postponed for a period of sixty-one days." Also in said 1933 statute, just cited, it was provided in section 4 thereof as follows : "Notwithstanding the provisions of section 3764 of said code, sales of property sold to the State for delinquency in payment of taxes for the fiscal year 1932-33 shall be made in the year 1938, at the same time and in the same manner as if no extension of time or postponement of sale to the state, in accordance with the terms of this act, had been made. The words 'five years' as used in said section 3764 shall be construed to mean and include the period of time that will elapse between the actual date of such sale in the year 1933 and the time fixed by law for the sale by the State of such property in the year 1938." It is to be noted that said section 4 of said statute does not refer to section 3785 of the Political Code, upon which appellants based their objection. Appellants argue that although the 1933 statute does state that the property might be sold at the same time in 1938 as if no extension of time had been made in 1933, there is no reference therein to section 3785 and nothing therein to nullify the force of section 3785. ■ The sections of the Political Code, above referred to, sections 3764, 3771, 3771a, 3785, 3785b, and said 1933 statute, must be considered and construed together as a correlated whole, rather than as separate and distinct enactments. Those sections and that statute comprise a plan for the sale of real property for the nonpayment of taxes which become delinquent in the year 1933. (See *Jacoby* v. *Wolff*, 198 Cal. 667, 678 [247 P. 195].) In that last cited case it was said at page 678 : "A perusal of the provisions of sections 3764, 3771 and 3785b of the Political Code makes manifest that they must be considered and construed together as a correlated whole rather than as separate and distinct enactments. These sections comprise a complete plan for the sale of property for the nonpayment of taxes." ■ In order to indicate how said sections are correlated, the subject matter of each section and the references therein to other sections should be stated. Section 3764 of the Political Code, in effect at the times herein mentioned, contains provisions relative to publishing the de-

linquent tax list and publishing notice of sale at public auction of property which was sold to the state five years previous to the date fixed for the sale under section 3771a of the Political Code; and said section 3764 also contains a form for such notice of sale, which form includes the statement that the tax collector will, on a certain date, sell at public auction ''the several parcels and lots of property hereinafter described upon which date five years will have elapsed from the date of sale of said property to the state.'' Section 3771 is to the effect that sales to the state should be made at the time fixed for the sale in the delinquent tax list. Section 3771a of the Political Code, referred to in said section 3764, provides in part that, at the time fixed for the sale in accordance with said section 3764, all property which has not been redeemed from the sale to the state, or the sale thereon canceled, shall be sold by the tax collector at public auction; and that if no sale is had under said section 3771a ''then said property shall be deeded to the state'' as provided in section 3785 of said code. Section 3785, as above stated, is to the effect that if property is not redeemed within five years after sale to the state then a deed must be made to the state; and that section then sets forth the form of such deed. Section 3785b of the Political Code provides that when the property is sold under section 3771a to a purchaser other than the state the tax collector must execute a deed to such purchaser; and said section also sets forth the required form of such deed.

It therefore appears that section 3764, mentioned in the 1933 statute, refers to section 3771a and to the same five years mentioned therein; that section 3771a refers to sections 3764 and 3785—to the making of a sale at ''the time fixed'' in accordance with section 3764, and to the making of a deed to the state as provided in section 3785.

As above stated, section 3785 contains the form of the deed to be made to the state if the property is not redeemed within five years from the date of the sale to the state. It is clear that the redemption referred to in said section 3785 is redemption according to the plan set forth in the various other sections mentioned, and it is also clear that the ''five years'' for redemption, referred to in said section 3785, is the same five years mentioned in section 3764 and in all the other said sections. Therefore, since section 4 of the 1933 statute refers to the five years mentioned in section 3764, and since section 3785 refers to the same five years, and since both sections 3764 and 3785 are parts of the whole statutory plan for the sale of tax delin-

quent property, it appears that section 4 of the 1933 statute is applicable to section 3785, and that the definition of the words "five years," stated in said section 4 of the 1933 statute, is applicable to the words "five years" as used in section 3785. That definition, as above stated, is that the words "five years" mean the period of time between the actual date of sale in 1933 and the time fixed by law for the sale of such property in 1938. In this instance the "five years," under that definition, would be the period of time between September 2, 1933, the actual date of the sale in 1933, and July 2, 1938, the time fixed by law for the sale in 1938. Furthermore, said statute provided, as above stated, that such a sale in 1938 should be held "at the same time and in the same manner as if no extension of time or postponement of sale to the State, in accordance with the terms of this act, had been made." If no extension had been made under the terms of said act, the time for the sale in 1938 would have been July 2, 1938, the date when the sale and deed herein were made to the state. It was proper, by virtue of the 1933 statute, to make the deed to the state on July 2, 1938.

Even if there had been a defect or irregularity in the deed to the state by reason of its having been made on July 2, 1938, instead of September 2, 1938, such defect or irregularity was validated by the [Tax Validation] Act of 1943 (Stats. 1943, ch. 458, p. 1993; 3 Deering's Gen. Laws, Act 8443) and by the [Tax Validation] Act of 1945 (Stats. 1945, ch. 1134, p. 2176; 3 Deering's Gen. Laws, Supp., Act 8443a), which were enacted to validate certain acts relating to taxation.

The 1943 act provides as follows: "§ 1. Every act and proceeding heretofore taken by any county, city and county or the officers thereof relative to the preparation . . . or fixing the budget or the tax rate . . . of any county . . . or to the assessment or equalization of property or to the levy of taxes thereon or to tax sales or certificates of tax sales, tax deeds or other conveyances resulting from such assessment, equalization and levy, are hereby confirmed, validated and declared legally effective.

"§ 2 (a) This act is limited to the correction of defects, irregularities and ministerial errors which the Legislature originally could have omitted from the statutory requirements of law under which the acts hereby confirmed, validated and declared legally effective were taken. (b) This act is limited to the validation of acts and proceedings to the extent to which

the same can be effectuated under the State and Federal Constitutions.''

The 1945 act is in substance the same as the 1943 act, but it was made applicable to the tax proceedings of all taxing agencies and revenue districts including those covered by the 1943 act. The Legislature may cure irregularities in tax proceedings or omissions to comply with provisions of a statute, regarding taxation, which could have been omitted in the first instance, but it cannot cure defects which are termed jurisdictional. (*Miller* v. *McKenna*, 23 Cal.2d 774, 781-782 [147 P.2d 531]. See also *Barrett* v. *Brown*, 26 Cal.2d 328, 331 [158 P.2d 567].) The curative acts of 1943 and 1945, above mentioned, ''validate anything the Legislature could have dispensed with or any matter of procedure for which the Legislature could have provided.'' (*Wall* v. *State of California*, 73 Cal.App.2d 838, 844 [167 P.2d 740].) In *Miller* v. *McKenna, supra,* it was held that some of the jurisdictional requisites are: (a) a duly constituted taxing authority; (b) property to be taxed within the territorial jurisdiction of the taxing body; (c) property legally subject to the tax; and (d) sufficient notice and opportunity for hearing to constitute compliance with due process. There is no question herein regarding compliance with jurisdictional requirements. The Legislature could have referred specifically to said section 3785 in the said 1933 statute. Also the Legislature could have amended the provisions of section 3785 to provide for the issuance of the deed to the state within a shorter period than five years, or for the issuance of such a deed after five years. The five-year period mentioned in said section 3785 was not a jurisdictional requisite within the due process provisions of the state and federal Constitutions.

Appellants assert that the Legislature had no power to extend the time for the collection of taxes in 1933. They state that the Constitution of California, article IV, section 25, subdivision 13, prohibits the extension of the time for collection of taxes. It is to be noted that said provision of the Constitution does not prohibit the extension of time for the collection of taxes, but it does recite that no special law shall be passed extending the time for the collection of taxes. That provision of the Constitution is as follows: ''The Legislature shall not pass local or special laws in any of the following enumerated cases . . .. Thirteenth—Extending the time for the collection of taxes.'' Appellants also assert that said 1933 statute was

special legislation for the benefit of a particular class, and was in effect a deferment of taxes more favorable to those who had not paid their taxes on July 1st than it was to other persons who had paid their taxes prior to enactment of the statute. These contentions are not sustained. The said statute of 1933 was not a special law. It applies equally to all persons within the class to which it is addressed. It is a general law having a uniform operation upon a class of persons differentiated from another class of persons by reason of the necessities peculiar to the subject matter of the legislation. "A law is not special legislation merely because it does not apply to all persons. It is a settled principle of constitutional law that the legislature may classify for the purpose of meeting different conditions, naturally requiring different legislation, in order that legislation may be adapted to the needs of the people. . . . The classification, however, must not be arbitrarily made for the mere purpose of classification, but must be based upon some distinction, natural, intrinsic, or constitutional, which suggests a reason for and justifies the particular legislation. That is to say, not only must the class itself be germane to the purpose of the law but the individual components of the class must be characterized by some substantial . . . attributes which suggest the need for and the propriety of the legislation. Subject to these limitations a law is general despite the fact that it operates only upon a class of individuals or things, if it applies equally to all persons or things within the class to which it is addressed." (*Martin* v. *Superior Court,* 194 Cal. 93, 100-101 [227 P. 762].) "The power to thus classify necessarily carries with it a wide discretion in the exercise thereof. . . . Every presumption is in favor of the validity of the legislative act and the legislative classification will not therefore be disturbed unless it is palpably arbitrary in its nature and neither founded upon nor supported by reason." (*Martin* v. *Superior Court, supra,* p. 101.) It appears that there was good and sufficient reason for making the classification involved herein. Regarding the reason for the legislation, it is stated in said 1933 statute, section 6, that "This act is hereby declared to be an urgency measure . . . necessary for the immediate preservation of the public peace, health and safety, and shall take effect immediately. The facts constituting such a necessity are as follows: Whereas, because of economic conditions existing throughout the State the Legislature has extended the time for the payment of taxes, it is necessary to define and pre-

scribe the duties of public officials charged with the collection of taxes in connection with the computation of penalties, publication of delinquent taxes and sale of property for delinquent taxes. . . . to the end that the extension granted . . . be made operative and to prevent confusion and uncertainty as to the duties of public officials in relation thereto and to protect the rights of taxpayers.''

Furthermore, it seems that rights of the appellants were not adversely affected by the operation of the 1933 statute, and that appellants are not in a position to raise the question of unconstitutionality of the statute. Apparently, they were the owners of the property in 1933 when the statute was enacted, and they had the benefit of the extension of time afforded by the statute. '' [A] contention that a statute denies equal rights and privileges by discriminating between persons and classes of persons 'may not be raised by one not belonging to the class alleged to be discriminated against.' '' (*A. F. Estabrook Co.* v. *Industrial Acc. Com.*, 177 Cal. 767, 769 [177 P. 848].)

The judgment is affirmed.

Shinn, Acting P. J., and McComb, J. assigned, concurred.