HARRY L. MARKOWITZ et al., Respondents, v. CHARLES
B. CARPENTER, JR., Appellant.

J. Everett Brown for Appellant.

Alfred L. Armstrong for Respondents.

MOORE, P. J.—This is an appeal by defendant Carpenter from a judgment quieting title in plaintiffs to certain real property situated in Los Angeles County. The complaint alleged plaintiffs' ownership of the lands, and the adverse claims of defendants and prayed that the latter be adjudged to have no interest therein. Appellant denied all allegations of the complaint and alleged "that plaintiffs are barred in the prosecution of this action . . . as provided in the Soldier's Civil Relief Act of 1941 . . . as this answering defendant is in the Military Service of the United States . . . Naval Reserve."

Appellant did not appear at the trial although he was not on active duty as testified by his own attorney who objected to the introduction in evidence of the documents evidencing plaintiffs' alleged ownership. This proof was offered to show

title in plaintiffs by virtue of the usual tax deeds to the State of California resulting from a sale for delinquent taxes and a transfer by the state to the city of Santa Monica and its grant to plaintiffs. The specific objection raised was that the instruments had not been validly executed and acknowledged.

The court found that plaintiffs were the owners, that defendants had no right, title or interest in the lands and that appellant "is now a member of the United States Naval Reserve and is subject to active service but is not now in active service, and that the ability of said defendant Charles B. Carpenter, Jr. to conduct his defense to this action is not materially affected by reason of the fact that he is a member of the United States Naval Reserve." On these facts the court entered judgment for plaintiffs.

It is now contended as grounds for reversal that appellant's military status inhibited entry of a judgment against him, and that the various conveyances to plaintiffs were invalidly executed and acknowledged.

Neither the pleadings, the evidence, nor the briefs on this appeal indicate in what manner appellant or the property involved come within the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 [54 Stats. 1178, 50 U.S.C.A. App. § 501 et seq.]. (54 Stats. 1186, 50 U.S.C.A.App. § 560.) There is nothing in the record to indicate that as an inactive naval reservist, he was entitled to the protection of the Soldiers' and Sailors' Civil Relief Act of 1940. No authorities are cited and none has been found holding that a person in an inactive military status can claim the benefits of that act. Furthermore, the finding that appellant's connection with the naval reserve did not affect his ability to defend the action is supported by testimony that Carpenter was in Los Angeles at the time of the trial.

The only portions of section 560, 50 U.S.C.A., cited by appellant, are subdivisions 3 and 4: (3) "When by law such property may be sold or forfeited to enforce the collection of such tax or assessment, such person in military service shall have the right to redeem or commence an action to redeem such property, at any time not later than six months after the termination of such service . . ." (4) "Whenever any tax or assessment shall not be paid when due, such tax or assessment due and unpaid shall bear interest until paid at the rate of 6 per centum per annum, and no other penalty or interest shall be incurred by reason of such nonpayment.

Any lien for such unpaid taxes or assessment shall also include such interest thereon.'' It does not appear how the quoted sections are in any way applicable to the facts here involved.

However, section 521 of the Soldiers' Civil Relief Act is applicable: ''At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by any such person or some person on his behalf, be stayed as provided in this Act, *unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense* is not materially affected by reason of his military service.'' (Emphasis added.) In view of the finding that appellant's ability to conduct his defense was not materially affected by reason of his military service, the refusal of the court to grant a stay of proceedings was not error. (*Johnson* v. *Johnson,* 59 Cal. App.2d 375, 382 [139 P.2d 33]; *Ridley* v. *Young,* 64 Cal.App. 2d 503 [149 P.2d 76].)

The contention is made that the tax deeds were invalid because they were not signed by the tax collector but that instead ''his signature was affixed by rubber stamp and in two instances printed in the deed.'' No original deeds were received in evidence. The instruments introduced were photostatic copies of the records of deeds, each being certified by the county recorder to be a true copy of the recorded instrument it purports to be. As certified copies of public records they are competent evidence of the deeds executed by the tax collector. (Code Civ. Proc., § 1893.) There is no evidence that the instruments do not bear the signature of the tax collector. On the contrary the certificate of acknowledgment on each deed shows that the collector appeared before the officer and acknowledged his execution of the instrument. Such evidence is sufficient prima facie proof of the due execution of a deed in the absence of evidence to the contrary. (*Thomas* v. *Fursman,* 177 Cal. 550, 553 [171 P. 301].) The certified copies of the deeds were therefore competent evidence of their execution by the tax collector. (Code Civ. Proc., §§ 1948, 1951.)

Appellant contends that the deeds are void by virtue of the collector's acknowledgment having been taken by a deputy tax collector. The only evidence of such assertion is the testimony of a deputy tax collector that F. B. Murphy

who took two of the acknowledgments was chief deputy in charge of tax sales. Mr. Ling who took five of the acknowledgments and Mr. Schwab who took two of them were mere clerks in the collector's office. Could they not at the same time have been deputies of the county clerk? A deputy county clerk is authorized to take acknowledgments. (Pol. Code, §§ 4314, 4013.) Every county officer shall have the powers and perform the duties prescribed by the general law, the charter and ordinances and every assistant officer and each deputy shall have the powers and may perform the duties attached to the office of his principal. (Gov. Code, § 1194; Administrative Code of Los Angeles County, §§ 30, 31.) The acts of the above named deputy clerks in taking the acknowledgments of the tax collector are not illegal or novel in Los Angeles County. The board of supervisors is authorized to provide by ordinance for the number of assistants, deputies, clerks and attaches under a county officer and for their compensation. (Los Angeles County Charter, art. III, § 11, subsec. 3, Stats. 1913, p. 1484.) Pursuant to such authorization the board has for over 20 years enacted successive ordinances similar to that of May 27, 1947, known as Ordinance 4935, and commonly designated as the Salary Ordinance. Article 23 of such ordinance provides for the appointment of 2,500 deputy county clerks without compensation. Those deputies are parcelled out among the deputies of other county departments in order to facilitate the administration of county business. The above named deputy county clerks are three of such appointees whose gratuitous labors effect important services and a financial saving to the county. The sales and conveyances of lands to enforce the payment of delinquent taxes are in effect bookkeeping schemes to evidence compliance with the law. That the tax collector executed a deed may as well be certified by a clerk in his office as by any notary public so long as he is cloaked with the necessary power. No authority is cited and none has been found that nullifies the cited provisions of the county charter or those of the county ordinances or that prohibits a deputy or a clerk in one county office from holding an appointment under another.

Appellant next contends that the deeds are void because assessed to "Metropolitan Tr. Co." and that it is impossible to determine what is meant by "Tr" or "Co." The answer to this argument is that "A mistake in the name of the owner or supposed owner of real property does not render

invalid an assessment or any tax sale." (Rev. & Tax. Code, § 613.) While the name of the assessee of movable property requires extreme care in obtaining the exact name of the owner the last quoted section relieves the assessor of the obligation to avoid abbreviations in assessing realty. (See *Lake County* v. *Sulpher Bank Q. Mining Co.*, 66 Cal. 17, 21 [4 P. 876].)

■ Appellant's final contention is that the sale of Lot 9, Block G, was made before the expiration of the five-year period of redemption. The lot was sold to the State of California on September 2, 1933, for taxes assessed in 1932, and was sold by the state on July 1, 1938. The applicable code section in 1933 was section 3764 of the Political Code. However, the Legislature in 1933 enacted the following:

"Sec. 4. Notwithstanding the provisions of section 3764 of said code [Political], sales of property sold to the State for delinquency in payment of taxes for the fiscal year 1932-33 shall be made in the year 1938, at the same time and in the same manner as if no extension of time or postponement of sale to the State, in accordance with the terms of this act, had been made. The words 'five years' as used in said section 3764 shall be construed to mean and include the period of time that will elapse between the actual date of such sale in the year 1933 and the time fixed by law for the sale by the State of such property in the year 1938." (Stats. 1933, p. 1520.)

The quoted provision clearly authorized the sale by the state in 1938 at the time fixed by law during that year by virtue of the definition of "five years" contained therein.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.