[Civ. No. 17224.   Second Dist., Div. One.   Apr. 13, 1950.]

LUBERCO, LTD. (a Corporation), Respondent, v. C. C. BOSWELL et al., Defendants; CATHERINE A. Mc-KENNA, Appellant.

Catherine A. McKenna, in pro. per., for Appellant.

Robert E. Rosskopf, John F. Bender and Gizella M. Allen for Respondent.

DORAN, J.—The complaint herein is in three counts: quiet title, partition and declaratory relief. The quiet title count, in simple form, alleges ownership of Lot 13 in Block 59 of H. T. Hazard's East Side Addition to the City of Los Angeles, as per map recorded in Book 24, Page 25 et seq. of Miscellaneous Records, Los Angeles County. The count for partition alleges plaintiff's ownership of a tax title and two street bonds covering the property, and ownership by defendant Zaslow of a certificate under street bond foreclosure. ''Interests of other defendants,'' according to the respondent's brief, ''were under the fee, appellant holding an undivided one-half. After issue had been joined, plaintiff redeemed the Zaslow certificate, thus eliminating the 'parity' situation, and resolving the action into one to quiet title.''

It further appears that the property, assessed to Anna Dupea, went delinquent for the last half of 1925-1926 city and county taxes; was deeded to the state September 1, 1931; and was deeded by the state to plaintiff on October 14, 1944. The appellant denies all allegations contained in the complaint, claiming title and 20 years adverse possession of the property. The answer also alleges that plaintiff's tax deed is void; that the alleged street bond constitutes no existing lien and that action thereunder is barred under sections 329, 330, of the Code of Civil Procedure, relating to foreclosure of street improvement liens, and various statutes of limitation covered by sections 337, 339 and 343. Catherine McKenna's answer offers to do equity by paying to respondent $175, ''for a quitclaim of any interest plaintiff might have by reason of the said tax deed.''

The trial court, after trial of the issues, found that the respondent-plaintiff, Luberco, Ltd. "is the owner and is entitled to possession" of the property in question, subject to tax and assessment liens, and that appellant McKenna has no interest therein. Judgment pursuant thereto was entered on September 21, 1948. Appellant's motion for a new trial was submitted to the trial court on briefs; the same was denied, and the present appeal followed.

Although, as respondent points out, "Appellant's opening brief contains no statement of facts and virtually defies understanding containing the points raised," the record discloses that one Anna Dupea, a defendant in this action, was the original owner at the time of the tax levy which ultimately resulted in plaintiff's tax deed; that Anna Dupea, said to be an old age pensioner, failed to pay the taxes, gave a mortgage to the county of Los Angeles, and deeded the property to the appellant. Catherine A. McKenna informed the trial court that "I had a former conveyance from the former owner, and I own the entire fee title. Anna Dupea is still in possession as my tenant. That is all."

Anna Dupea testified to having occupied the property 40 years; that no notice of the 1931 tax sale of the property was received; that since 1932 Mrs. Dupea had "been living there with . . . (appellant's) help and assistance," and that no one else had been in possession. No other testimony was taken unless the many statements made by Mrs. McKenna, appearing in propria persona, be deemed such.

Among other questions, appellant's brief inquires whether the "plaintiff's right to maintain an action to quiet title, or to be let into possession of the said lands (was not) barred by the Statutes of Limitation," by reason of the owner's adverse possession for 40 years?

Respondent's brief answers this contention by calling attention to the fact that "There is no evidence that she (appellant) or Anna Dupea *paid any taxes*; or that they ever claimed adversely to the State. Claiming adversely to the State is novel, but claiming adversely without payment of taxes and without the knowledge of the State is ridiculous. Such holding would give a squatter perpetual tax exemption."

It is further argued by appellant that the tax deed under which respondent claims, is void for a variety of reasons. The delinquent tax list is alleged not to have been "published by authority of the Tax Collector, where there was no affidavit or statement of any kind made by the Tax Collector, attached

to said list, that its publication had been made or caused to be made by the Tax Collector, or that it was a true or any copy of the delinquent tax list for such year, as required by Section 3769, Political Code, and the law at said date.''

Appellant likewise questions whether the tax deeds to the state were not void ''for the reason that they were not acknowledged by an officer entitled or qualified to take acknowledgments of deeds, and where no proof of execution of the deeds by the Tax Collector was made, and where they were not in the form and did not in substance contain the recital required by statute?''

In reference to the claim that Anna Dupea did not receive notice of the 1931 tax sale, respondent's brief says: ''No evidence was offered to show that notice was not properly given, so we must presume that it was. (Sec. 3786, Pol. Code.) Failure to receive notice, even if true, does not affect the validity. (*Healton* v. *Morrison,* 162 Cal. 668, 674 [124 P. 240].) Delinquent list was published and affidavit of publication was filed with the County Recorder.''

Apropos appellant's contention that the tax deed was void because of its acknowledgment by a deputy tax collector, respondent avers that ''No proof of this fact was offered, and it was not shown that he (the deputy tax collector) was not also a Deputy County Clerk, whose acknowledgment was proper.'' In this connection is cited *Markowitz* v. *Carpenter,* 94 Cal.App.2d 667 [211 P.2d 617] (November, 1949) holding that where county charter and ordinances so provide, deputies in other departments may act as deputy county clerks authorized to take acknowledgments; and that a deputy tax collector may acknowledge tax deeds executed by the tax collector.

Appellant also insists that ''The property (sold for $32.90) was therefore sold for 1 cent less than the true amount,'' and that ''the sale and resulting tax deed was void and conveys no title.'' Respondent's brief answers this by saying: ''The first installment of taxes (which was paid) was three cents higher than the second installment, due to carrying the odd cent for several district levies on the first installment. This was according to law, but in any event, was cured by the 1943 Validation Act. (Stats. 1943, p. 1993; *Compton* v. *Boland,* 26 Cal.2d 310 [158 P.2d 397].)''

It is further pointed out in respondent's brief that ''Tax deed to State was in 1931. Any attack thereon was barred on September 15, 1946. Rev. and Tax Code, Sec. 175. Deed

to plaintiff was in 1944 and this action was commenced in 1947. Any attack thereon was barred in 1945. Rev. and Tax Code, Sec. 3726. (*Davault* v. *Essig,* 80 Cal.App.2d 970 [183 P.2d 39]).'' It is appellant's contention that ''the Curative Acts were not available to plaintiff or was Section 170, for the reason that they are statutes of limitation, and available only to a tax purchaser in possession.''

An examination of the record herein discloses substantial evidence presented at the trial in support of the findings and judgment. Such record reveals what appears to be a regular tax assessment covering the period and property in question, a failure to pay such taxes followed by the usual sale to the state and ultimately resulting in the customary deed to plaintiff. Such deed, as the respondent's brief mentions, ''conveys title to the purchaser free of all encumbrances of any kind existing before the sale,'' with certain exceptions not here material, as provided in section 3712 of the Revenue and Taxation Code. Likewise, the previous deed to the state in 1931, under Section 3787, ''conveys to the State the absolute title to the property described herein.''

The introduction in evidence of the above two deeds established prima facie title in plaintiff. Whether appellant satisfactorily rebutted such prima facie case and sustained the burden of proving the allegation that such deeds were void and plaintiff's title invalid, was, of course, a question for the trial court to determine. Under the usual rule governing appellate review, questions of sufficiency of evidence and credibility of witnesses cannot be reexamined where there appears to be substantial evidence supporting the trial court's decision.

Appellant's various contentions are wholly untenable. The curative acts hereinbefore mentioned were obviously enacted for the purpose of affording greater security to tax titles regularly acquired, by eliminating those technical objections and nonjurisdictional irregularities which have no substantial merit. Arguments contained in appellant's briefs are largely if not entirely of that variety. The record indicates, among other things, that appellant enjoyed all the advantages of a fair and impartial trial and that no errors of a prejudicial nature were committed by the trial court.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 8, 1950.