[Civ. No. 3976. Fourth Dist. Aug. 29, 1950.]

THE CITY OF SAN DIEGO, Respondent, v. ALPHA SECURITIES CORPORATION (a Corporation) et al., Appellants.

C. C. Pease, in pro. per., for Appellants.

J. F. DuPaul, City Attorney and Thomas J. Fanning, Deputy City Attorney, for Respondent.

MUSSELL, J.—Plaintiff, purchaser of a tax deed, commenced this action against the defendant to quiet title to Lot "A" in Crown Point in the city of San Diego. The complaint is in the usual form. In the answer and amendments thereto it is alleged that by reason of a prior suit entitled "*C. C. Pease* v. *City of San Diego,*" No. 105388, pending between the same parties, the instant action was barred; that in an action filed in San Diego County entitled "*S. L. Tripp, et al.* v. *Board of Supervisors, et al.,*" No. 73237, it was adjudicated that the amounts assessed and required to be paid for the taxes on the lot in question were illegal and void. It was further alleged that the city obtained no title to the property involved because of the invalidity of the tax assessments. By stipulation the prior action filed by Pease against the city, No. 105388, was consolidated for trial with the instant action. In this connection it appears that action No. 105388, pleaded as a bar to the instant action, was dismissed by the trial court and the judgment of dismissal affirmed on appeal by this court. (*Pease* v. *City of San Diego,* 93 Cal.App.2d 706 [209 P.2d 843].)

The trial court found on substantial evidence that the property here involved was duly assessed for taxation in the year 1931 and was thereafter, on June 29, 1932, duly sold to the State of California by the tax collector of San Diego County for the nonpayment of delinquent taxes which had been legally levied; that in 1941, no redemption having been consummated, the property was conveyed by the tax collector to the plaintiff; that there was no defect in the proceedings

leading up to and including the deed to the State of California and no subsequent defect in the proceedings leading up to the deed to the city of San Diego; that the judgment entered in the "Tripp" action is both interlocutory and conditional, has not become final, and there has never been a compliance with the conditions thereof; that more than a reasonable time within which to have made redemption under said judgment has passed. The court concluded that the city is the owner of the property and entitled to possession; that the defendant has no right, title or interest therein; that the curative acts and statute of limitations were applicable and constituted a bar to an attack on the tax proceedings; and that the Tripp judgment is invalid as to the real property involved. Judgment was entered quieting title in the plaintiff and defendant appeals, contending that the trial court erred in finding that the Tripp judgment was interlocutory; in finding that the curative statutes applied to the case; and in holding that the statute of limitations was applicable.

Plaintiff's title is based on a tax deed to the State of California and a deed from the state to the plaintiff. Defendant claims title as successor in interest of the former fee owner. The lot in controversy was sold to the State of California on June 29, 1932, for the delinquent city and county taxes of 1931. Pursuant to such sale it was deeded to the state July 23, 1937, and subsequently sold and deeded by the state to the plaintiff on October 2, 1941. It was stipulated at the trial that the defendant is the owner of the lot in question unless his title was divested by the tax deed to the state and the deed from the state to the plaintiff.

The judgment in the Tripp case, so far as material here, is as follows:

"It Is Ordered, Adjudged and Decreed that the valid legal charges against the property described in plaintiff's complaint are as follows: . . . making a total of $8,241.30. . . . That the plaintiffs be, and they are hereby granted authority to redeem said property, and the County Auditor be and he is hereby directed to issue a certificate of redemption to the plaintiffs in the sum of . . . ($8,241.30), and the County Treasurer is hereby authorized to accept said sum of . . . ($8,241.30) in full payment of the taxes, costs and interest against the property described in plaintiff's complaint.

"Done in open Court this 17 day of February, 1933.

"C. N. Andrews
Judge of Superior Court."

■ An examination of the provisions of this judgment leads us to conclude that it is not res adjudicata as to the issues in the instant action and is not a final judgment. ■ It is interlocutory in substance and effect. (*Citizens Nat. T. & S. Bk.* v. *Brown*, 54 Cal.App.2d 688 [129 P.2d 466]; *Craig of California* v. *Green*, 89 Cal.App.2d 829, 831 [202 P.2d 104]; *Bakewell* v. *Bakewell*, 21 Cal.2d 224 [130 P.2d 975].)

It cannot be determined from the judgment whether the taxpayer would elect to redeem the property under its terms and obviously the title to the lot here involved was not finally adjudicated by the decree.

It is admitted that Pease failed to redeem Lot A under the terms and provisions of the Tripp judgment and as the court found, there has never been a compliance with the conditions of said judgment. After having failed to pay the Tripp judgment or any part thereof for approximately 17 years, Pease filed suit to quiet title against the city (action No. 105388) instead of attempting to redeem the lot in question pursuant to the terms of the Tripp judgment. .

In *Newcomb* v. *City of Newport Beach*, 12 Cal.2d 235, 238 [83 P.2d 21], the court said:

"The proper decree in the event the owner fails to pay the amount fixed by the court within the time limited is not an adjudication that the purchaser at the void tax sale owns the land, but a denial of any relief to the owner. In the usual situation this is accomplished through a dismissal of the action." (Citing cases.) (*Citizens Nat. T. & S. Bk.* v. *Brown, supra*, p. 690.)

■ In the instant case the trial court found and concluded that the time which had elapsed since the making and entry of the Tripp judgment was more than a reasonable time within which to have made the redemption provided for therein and properly concluded that the Tripp judgment was invalid as to the real property involved herein. In this connection, it appears that no time limit was fixed within which redemption might be effected.

Section 3631 of the Revenue and Taxation Code refers to judgments similar in form and substance to the Tripp judgment. It is there provided that the interlocutory decree shall require the payment to be made within six months and if not so made, the final decree shall be entered.

It would seem that the Tripp judgment included in its terms, by implication, a reasonable period of time within

which its provisions were to be complied with. That period of time has long since elapsed without any compliance being made as to Lot A. The defendant herein offered no evidence at the trial to show that the taxes and assessments, or any part of them, were actually excessive or illegal.

Under the provisions of section 3518 of the Revenue and Taxation Code a deed from the state duly acknowledged and proved is conclusive evidence, except against actual fraud, of the regularity of all other proceedings from the assessment of the assessor to the execution of the deed, both inclusive.

The introduction in evidence by the plaintiff of the tax deed to the State of California and the deed to plaintiff established a prima facie title in the plaintiff and the question whether the defendant satisfactorily rebutted such prima facie case and sustained the burden of proving that such deeds were void was a question of fact for the trial court to determine and its finding will not here be disturbed. (*Luberco, Ltd.* v. *Boswell,* 96 Cal.App.2d 946, 950 [217 P.2d 105].)

Defendant's contention that the curative statutes are not applicable to the facts in this case is probably well taken because there was no showing made of any defects sufficient to invalidate the tax sale and the tax deed. However, if any defects had been shown, we see no reason which would prevent the application of the 1943, 1945 and 1947 validating acts. (Stats. 1943, p. 1993, ch. 458, in effect August 4, 1943; Deering's Gen. Laws, 1944, Act 8443, vol. 3, p. 2994; Stats. 1945, p. 2176, ch. 1134, in effect September 15, 1945; Deering's Gen. Laws, 1944, 1947 Supp., p. 75, Act 8443a; Stats. 1947, p. 1615, ch. 605, in effect September 19, 1947; Deering's Gen. Laws, 1944, 1947 Supp., p. 76, Act 8443b.) (*Chambers* v. *Duvall,* 26 Cal.2d 139, 143 [156 P.2d 921]; *Elbert, Ltd.* v. *Nolan,* 87 Cal.App.2d 24, 29 [196 P.2d 88]; *Howard* v. *Judson,* 86 Cal. App.2d 128 [194 P.2d 138].) These acts apply to all tax proceedings consummated prior to their respective effective dates and apply to the instant case. (*Barrett* v. *Brown,* 26 Cal.2d 328, 331 [158 P.2d 567].)

Defendant's final argument that the court erred in holding that the statute of limitations was inapplicable to the instant case is likewise without merit. Section 3521 of the Revenue and Taxation Code limits the time within which actions attacking the validity of a deed such as is before us to one year after recording the deed and the provisions of this section bar any attack against the validity of the deed to the state and against the proceedings leading thereto. (*Jones* v.

*Bartlett,* 94 Cal.App.2d 418, 419, 420 [210 P.2d 903] ; *Davault* v. *Essig,* 80 Cal.App.2d 970, 972 [183 P.2d 39].)
  Judgment affirmed.

  Barnard, P. J., and Griffin, J., concurred.