[Civ. No. 17945. Second Dist., Div. Three. July 31, 1951.]

CATHERINE A. McKENNA, Appellant, v. MARIE PING et al., Defendants; PETER D. MILLER, Respondent.

 ██

Catherine A. McKenna, in pro per., for Appellant.

Ralph Burns for Respondent.

WOOD (Parker), J.—In this action to quiet title to real property, plaintiff based her claim of title upon a quitclaim deed, dated May 17, 1942, from Herman A. Paulk and Mary Agnes Paulk, husband and wife. Defendants Peter D. Miller and Spero Kraleff filed a cross-complaint to quiet title, basing their claim of title on a tax deed dated May 13, 1944, from the Tax Collector of Los Angeles County to Peter D. Miller and Spero Kraleff. After the filing of the cross-complaint and before the trial, Kraleff quitclaimed to Miller all his interest in said property, which quitclaim deed was dated September 27, 1945. It was adjudged that defendant and cross-complainant Miller is the owner of the real property, and that plaintiff and cross-defendant has no right, title or interest therein. Plaintiff appeals.

The property was assessed for taxation in 1932. The taxes levied under that assessment ($148.33) were not paid, and on September 2, 1933, the property was sold to the state by operation of law for $160.68, which amount included the taxes, penalties, and costs. On July 1, 1938, the property not having been redeemed, the Tax Collector of Los Angeles County conveyed the property by grant deed to the State of California.

In 1932, the property was owned by George W. Bahe. In 1937, he conveyed the property to Herman A. Paulk. As above stated, on May 17, 1942, Mr. and Mrs. Paulk quitclaimed the property to plaintiff. Mr. Paulk testified that he quitclaimed the property to plaintiff in satisfaction of a debt of approximately $100 or $150 that he owed her on some legal matters.

Appellant contends that the deed to the state, dated July 1, 1938, was void because: (1) it was executed less than five years after the sale to the state on September 2, 1933; (2) the notice stated that the property would be deeded to the state if not redeemed on or before July 1, 1938—thereby the five-year period of redemption was shortened 64 days; (3) and the property was not sold at public auction as required by section

3371 of the Political Code. ■ The fact that the sale to the state was made on July 1, 1938 (before the expiration of five calendar years from September 2, 1933), did not make the deed void. A statute enacted in 1933 (Stats. 1933, p. 1520) authorized such a sale on July 1, 1938. (*Markowitz* v. *Carpenpenter*, 94 Cal.App.2d 667, 672 [211 P.2d 617] ; *Elbert, Ltd.* v. *Nolan*, 87 Cal.App.2d 24, 26, 27 [196 P.2d 88].) Appellant does not cite transcript references in support of her assertion that the notice of sale recited that the property would be deeded to the state on July 1, 1938, or in support of her assertion that the property was not sold at public auction. We do not find any evidence to the effect that such a notice was given or that the property was not sold at public auction. ■ A tax deed to the state is primary evidence that "At a proper time and place the property was sold as prescribed by law, and by the proper officer." (Pol. Code, § 3786, subd. 5, now in substance Rev. & Tax. Code, § 3517.) In *Bell* v. *Towns*, 95 Cal.App.2d 398 [213 P.2d 73], it was contended that tax deeds were void for failure to recite therein that the property was sold to the highest bidder. It was said therein, at page 400 : "None of these alleged procedural errors or defects, if any in fact exists, is jurisdictional. If any occurred it is such as has been cured by the Curative Acts. . . . A tax deed to the state is prima facie evidence of the regularity of certain of the tax proceedings and conclusive as to all others from the levy of the assessment to the execution of the deed." The Curative or Tax Validation Act of 1943 is applicable to the present case. ■ The tax validation acts apply to all tax proceedings consummated prior to the respective effective dates of the acts. (*City of San Diego* v. *Alpha Securities Corp.*, 99 Cal.App.2d 246, 250 [221 P.2d 770].)

■ The present action was commenced on May 7, 1945. Defendant alleged in his answer that the plantiff's cause of action against the tax title of defendant is barred by the provisions of section 3521 of the Revenue and Taxation Code. That section provides : "A proceeding based on an alleged invalidity or irregularity of any deed to the State for taxes or of any proceedings leading up to the deed can only be commenced within one year after the date of recording of the deed to the State in the county recorder's office or within one year after June 1, 1941, whichever is later." As above shown, the present proceeding is based on the alleged invalidity of the deed to the state dated July 1, 1938. It therefore appears that this action was not commenced within one year after

June 1, 1941, but was commenced about four years after that date. Appellant argues, however, to the effect that her action was not barred by the provisions of section 3521, since defendant claims title under a tax deed dated May 13, 1944, and since her action herein was filed within one year thereafter, namely, on May 7, 1945. It is to be noted that the deed referred to in said section is the deed "to the State." Appellant argues further to the effect that since she was in possession of the property her action was not barred by the provisions of said section. She asserts that at the time she commenced her action she was in possession of the property through her tenants. ▪ It appears to be a general rule that a limitation statute, with respect to an action to quiet title, does not run against one in possession of land, and a person in possession of land cannot be required under penalty of forfeiture to bring an action against one claiming an adverse interest or title to such property. (See *Tannhauser* v. *Adams*, 31 Cal.2d 169, 175 [187 P.2d 716, 5 A.L.R.2d 1015].) "[T]he rule of inapplicability of statutory limitation has been said to apply as to owners who because of their possession could not be assumed to have actual knowledge of claims of adverse interest by persons not in possession." (*McCaslin* v. *Hamblen*, 37 Cal.2d 196, 199 [231 P.2d 1].) In the case last cited it was said at page 199: "Assuming that the rule might have application in a case where the plaintiff is the original tax-delinquent owner in undisturbed possession, it would seem right to conclude that a generalization applicable merely to 'owners in possession' is too broad. The plaintiffs are not the original tax-delinquent owners. They took conveyances of the parcels from the tax-delinquent owner after sale to the city and subject to the city's rights." ▪ In the present case, appellant was not the original tax-delinquent owner. The owner in 1932, when the taxes became delinquent, was Mr. Bahe. He conveyed the property to Mr. Paulk in 1937. The property was deeded to the state in 1938, and Mr. Paulk quitclaimed the property to appellant on May 17, 1942. It thus appears that appellant took the quitclaim deed from a grantee of the original tax-delinquent owner about four years after it had been deeded to the state and subject to the state's rights. Mr. Paulk, the grantee of the original tax-delinquent owner, was in possession of the property for approximately a year after June 1, 1941 (14 days less than a year). It also appears that the one-year limitation period referred to in said section 3521, except for 14 days thereof, had expired when appellant took

the quitclaim deed from Mr. Paulk. Appellant was not an owner in possession under such circumstances that the limitation statute was not applicable to her. The action of appellant was barred by the provisions of said section 3521 of the Revenue and Taxation Code.

Appellant also asserts, as a basis for the present action, that she "redeemed the land and tendered the tax" by filing an action against the State of California, No. 487150, on July 28, 1943, and by filing another action against the State of California, No. 493202 on May 11, 1944. She asserts that by those actions she redeemed the property under the provisions of "Sections 3618, 3619, 3621, et seq." of the Revenue and Taxation Code. Those sections so referred to are in chapter 5.7 of the Revenue and Taxation Code, which chapter is entitled (In Deering's California Codes) "Taxpayer's Action to Contest the Validity of Tax Sale or Tax Deed." Section 3620 of that code provides: "The owner of any real property deeded to the State for taxes . . . or any other person who may redeem such property, may bring an action in the superior court . . . to contest the validity of the tax sale or the tax deed to the State." Section 3631 of that code provides: "[T]he court shall render its interlocutory decree requiring the payment, within six months after the interlocutory decree becomes a final judgment, of the amount of taxes, computed as of the date of payment, without interest, penalties or costs thereon. The interlocutory decree shall declare that if payment is not made within such six months period, a final decree shall be rendered, quieting the State's title under the tax deed as to tax-deeded property." It may be stated generally that in said actions appellant sought an interlocutory judgment as follows: That the tax deed was void; determining the amount of delinquent taxes; that she should have six months after entry of the decree in which to pay said amount; and that upon making such payment she should have a decree quieting title in her favor against the state. In the second action last above referred to appellant alleged that the state had collected $1,272 "from the said property" and that she is entitled to have said sum applied as a credit on account of the taxes to be paid by her for redemption of the property. (On July 22, 1943, the tax collector furnished to appellant a writing stating the estimated amount to redeem the property was $1,358.22.)

Appellant recorded a notice of *lis pendens* on May 11, 1944, the date the second action was filed. She contends that when defendant Miller purchased the property at the tax sale on

May 13, 1944, he took the tax deed with notice of the pending action which was filed on May 11, 1944; that the tax collector also had notice of that pending action and had no authority to issue the deed to defendant Miller while such action was pending; and that defendant Miller did not acquire any interest in the property by reason of that deed. The original files in the superior court in said two actions, last above referred to, were introduced in evidence by appellant. The only document in the file of the said first action is the complaint. The only documents in said second action are the following: Complaint; a summons showing return of service on some defendants; five amendments to the complaint alleging the true names of defendants sued under fictitious names; and another summons showing return of service on some defendants. Neither of said two actions has been brought to trial. Section 3638 of the Revenue and Taxation Code provides: ''Any proceedings heretofore or hereafter commenced under this chapter shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant after due notice to plaintiff, or by the court upon its own motion, unless such action is brought to trial within one year after the plaintiff has filed his action, except where the parties have stipulated, in writing, that the time may be extended. Section 583, Code of Civil Procedure shall not apply to actions commenced under this chapter.'' There is nothing in the files of said two actions to indicate that the parties stipulated in writing that the time for the trial of either of said actions be extended. If the parties did so stipulate, appellant should have proved that such stipulations had been made. At the time of the trial herein on July 26, 1949, one of said actions had been pending about six years, and the other one had been pending about five years. Appellant, who introduced the said files and relied upon them as proof of actions pending, made no attempt to prove any excuse for the failure to bring the actions to trial. Since neither action has been brought to trial, and since there was no proof that the one-year period within which the actions should be brought to trial had been extended, it was mandatory that the actions be dismissed. A similar code provision with reference to dismissing an action that has not been brought to trial within a specified time is the third sentence of section 583 of the Code of Civil Procedure, which reads: ''Any action . . . shall be dismissed by the court . . . on motion of the defendant,

after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended.'' It has been held that such a provision is mandatory and does not admit of the exercise of discretion on the part of the trial court. (*See Cruse* v. *Superior Court,* 102 Cal.App. 290, 294 [283 P. 73].) ██ In view of the fact that the said two actions had been pending for several years and no explanation was offered relative to appellant's failure to bring the actions to trial, the trial court was not required to regard them as pending actions which might result in a determination that appellant had an interest in the said property. The court was justified in disregarding them.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied August 24, 1951, and appellant's petition for a hearing by the Supreme Court was denied September 27, 1951.